**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ──────────────────── ) | |
| GIGI JORDAN,                                   ) | |
|           Plaintiff,        ) | 12 Civ. 01742 (KBF) |
| v.                                                   ) | ECF Case |
| RAYMOND A. MIRRA, JR.,          ) | |
|          Defendant.        ) | |
| ──────────────────── ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO APPLICATION TO**
**INTERVENE AND FOR A STAY OF DISCOVERY**

Kenneth A. Sweder (admitted *pro hac vice*)
Laurie M. Ruskin (admitted *pro hac vice*)
Sweder & Ross LLP
131 Oliver Street
Boston, MA 02110
Tel. (617) 646-4466
Fax (617) 646-4470
ksweder@sweder-ross.com
lruskin@sweder-ross.com

Nathan Z. Dershowitz (NZD-8752)
Amy Adelson (AA-4078)
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel. (212) 889-4009
Fax (212) 889-3595
ndershowitz@lawdea.com
aadelson@lawdea.com

*Attorneys for the Plaintiff Gigi Jordan*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ........................................................................................ ii

I. INTRODUCTION ........................................................................................... 1

II. THE DETERMINATION WHETHER TO GRANT A STAY REQUIRES A CAREFUL CONSIDERATION OF THE CIRCUMSTANCE PECULIAR TO THE ACTION AND A BALANCING OF FACTORS .................................................................................. 2

III. THE INCIDENTAL AND NONMATERIAL OVERLAP OF THE ISSUES IN THIS ACTION AND THE CRIMINAL CASE DO NOT WARRANT STAYING THE CIVIL ACTION .............................................................................................................. 3

IV. THE MOTION TO STAY IS NOT SUPPORTED BY ANY FIFTH AMENDMENT PRIVILEGE CLAIMED BY THE DEFENDANT MIRRA .......................................... 5

V. A STAY WILL PREJUDICE THE PLAINTIFF'S RIGHT TO PROSECUTE HER CIVIL CLAIMS ............................................................................................................. 8

VI. THE DEFENDANT HAS NO LEGITIMATE INTEREST IN A STAY ........................... 10

VII. THE COURT HAS AN INTEREST IN THE EFFICIENT RESOLUTION OF THE ACTION WHICH IS CONTRARY TO THE STAY SOUGHT BY THE DISTRICT ATTORNEY ........................................................................................................... 11

VIII. THE INTERESTS OF THE PUBLIC DO NOT SUPPORT A STAY OF THIS ACTION. 12

IX. CONCLUSION ................................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

Arden Way Assocs. v. Boesky, 660 F. Supp. 1494, 1497, 1498 (S.D.N.Y. 1987).......... 6, 7, 8, 10

Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No. 06 Civ. 0243, 2006 WL 2585612, *2
 (S.D.N.Y. Sept. 8, 2006).............................................................................. 2, 3, 5, 7

Louis Vuitton Malletier S.A. v. Ly USA, No. 08 Civ. 4483, 2012 WL 1034900, *10-13 (2d Cir.
 March 29, 2012)............................................................................................. 2, 3, 5, 13

Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus, 486 F.Supp. 1118, 1119 (S.D.N.Y.
 1980) ............................................................................................................... 6, 11

SEC v. Constantin, No. 11 Civ. 4642, 2012 WL 1195700, *1, 2 (S.D.N.Y. April 9, 2012).... 2, 14

SEC v. Dresser Indus., Inc., 628 F.2d 1368, 1375-77 (D.C. Cir.), cert. denied, 449 U.S. 993
 (1980) .............................................................................................................. 6, 12

Sterling National Bank v. A-1 Hotels International, Inc., 175 F.Supp.2d 573, 576, 577, 579, 580
 (S.D.N.Y. 2001) ............................................................................................... passim

Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC, No. 01 Civ. 7927, 2002 WL 844345, *3
 (S.D.N.Y. May 2, 2002).................................................................................. 3, 5

United States v. Kordel, 397 U.S.1, 12 (1970) ........................................................ 12

**Rules**

Federal Rules of Civil Procedure 12 .................................................................... 9

Federal Rules of Civil Procedure 24(a) ............................................................... 1

Federal Rules of Civil Procedure 24(b) ............................................................... 1

**Constitutional Provisions**

U.S. Const. amend. V......................................................................................... passim

I.      INTRODUCTION

In its Notice of Motion by the New York County District Attorney for Leave to Intervene

Pursuant to FRCP 24(a) and (b) and for a Stay of Discovery ("Motion to Stay"), the Office of the

District Attorney ("District Attorney") is seeking the stay of civil proceedings brought by Gigi

Jordan ("Jordan") against Raymond A. Mirra, Jr. ("Mirra"), although Mirra is not a defendant in

any "parallel" criminal action.  The District Attorney's request is extraordinary.  In every case

cited by the District Attorney in which a government agency has sought to intervene and stay a

civil action, or discovery in a civil action, because of a pending criminal proceeding or

investigation, the defendant in the civil action has been the defendant or the prospective

defendant in the criminal action.  The District Attorney's reliance on such cases is entirely

misplaced and inapt.  In most of these decisions, courts have granted such stays to protect the

Fifth Amendment rights of these defendants.  As discussed below, Mirra, as of this time, is not

implicated in any parallel criminal proceeding, and has not indicated that he will invoke his Fifth

Amendment rights in this action or in the criminal action pending against Jordan.

Rather, by its Motion, the District Attorney is seeking to afford Mirra, a prospective

material witness in the criminal proceedings, at least temporary protection from civil liability.

Such a stay would provide Mirra a substantial benefit and work a substantial deprivation

of the rights of Jordan in this action, as explained below.  Yet, the District Attorney has moved

for this broadest of remedies, to stay the entire action or all of discovery in the action, based

upon only highly speculative and vague justifications, that there could be some discovery in the

civil action which might relate to issues involved in the criminal proceedings.  The District

Attorney has requested this blanket shutdown of this action without specifying what documents

or information or depositions should be shielded from discovery by Jordan in this action, and

how discovery in this civil action might give Jordan an unfair advantage in the prosecution of the criminal case in question.

## II.    THE DETERMINATION WHETHER TO GRANT A STAY REQUIRES A CAREFUL CONSIDERATION OF THE CIRCUMSTANCE PECULIAR TO THE ACTION AND A BALANCING OF FACTORS

As both the Second Circuit Court of Appeals and a court in this District reaffirmed only weeks ago, staying a civil action pending resolution of a parallel criminal proceeding is "an extraordinary remedy" – one rarely, if ever, required by the Constitution.  Louis Vuitton Malletier S.A. v. Ly USA, No. 08 Civ. 4483, 2012 WL 1034900, *11 (2d Cir. March 29, 2012), ; see also SEC v. Constantin, No. 11 Civ. 4642, 2012 WL 1195700, *1 (S.D.N.Y. April 9, 2012), . Accordingly, "[t]he person seeking a stay bears the burden of establishing its need."  Louis Vuitton, 2012 WL 1034900 at *10 (citation and internal marks omitted).  The District Attorney's abject failure to meet this burden by not specifying the factual basis of its request to stay Jordan's civil action runs directly contrary to the well-settled legal standard which requires this Court to "make a highly fact-bound inquiry into the particular circumstances and competing interests involved in the case."  Sterling National Bank v. A-1 Hotels International, Inc., 175 F.Supp.2d 573, 576 (S.D.N.Y. 2001) (citation and internal marks omitted).  See also Fendi Adele S.R.L. v. Ashley Reed Trading, Inc., No. 06 Civ. 0243, 2006 WL 2585612, *2 (S.D.N.Y. September 8, 2006), (stating same); and Louis Vuitton, 2012 WL 1034900 at *12 (a court's decision requires a "particularized inquiry" into the circumstances and competing interests of a case").

In making such a decision, courts in this District consider numerous factors, including:

1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private

2

interests of and burden on the defendants; 5) the interests of the courts; and 6) the
public interest.

Louis Vuitton, 2012 WL 1034900 at *12 (citation omitted).

An examination of these factors shows that a complete stay of this action, or a complete

stay of discovery, as requested by the District Attorney, is unnecessary, unfair and highly

prejudicial to the rights of the Plaintiff, Jordan.

## III.   THE INCIDENTAL AND NONMATERIAL OVERLAP OF THE ISSUES IN THIS
ACTION AND THE CRIMINAL CASE DO NOT WARRANT STAYING THE
CIVIL ACTION

With respect to the first factor above, there is, in fact, no material overlap of the issues in

the criminal case with those of the case at bar.  See Fendi Adele, 2006 WL 2585612 at *2 (in

denying a motion to stay civil proceedings pending resolution of a criminal proceeding against

one of the defendants, the court stated, "[i]f there is no overlap in the facts involved in the

criminal and civil proceeding, plainly no stay is warranted").

To the extent that there is any overlap of discovery in the instant action, it only indirectly

implicates the criminal proceeding; and such minimal or incidental overlap does not warrant a

stay.  See, e.g., Travelers Cas. & Sur. Co. v. Vanderbilt Group, LLC, No. 01 Civ. 7927, 2002

WL 844345, *3 (S.D.N.Y. May 2, 2002) (supporting its denial of a motion to stay a civil action

pending resolution of criminal action against defendants by noting that much of the discovery in

the civil action was "only indirectly implicated by the [criminal] indictment").

This action involves claims of fraud, fraudulent inducement, breaches of fiduciary duty,

breaches of contract, and requests for an accounting regarding the financial misconduct of Mirra

extending from the late 1990s through at least 2008.  See Complaint, filed March 9, 2012.

Jordan, on the other hand, has been indicted for the murder of her son on February 5,

2010.  The criminal indictment itself has no factual overlap at all with the civil Complaint.

In seeking bail, Jordan has stated that she will assert a defense of duress, justification, necessity and excuse detailed in her criminal pleadings, at times, as altruistic suicide/filicide. This defense was described by Jordan in Defendant's Answer to the Prosecution's Response to Motion for Bail, dated August 9, 2011, at 16-17 (attached hereto as Exhibit 1), in the criminal proceeding as follows:

> At trial, we submit, there will be ample evidence to support Jordan's claim that she subjectively believed that her ex-husband would kill her and that her son would be given to his sexually-abusive biological father, and objective evidence establishing that her view was reasonable. … [A] law firm retained by Ms. Jordan hired a highly-respected investigative firm, which informed Ms. Jordan that both Mr. Mirra and his associate, one Louis Schiapani, were on file with the U.S. Government as known "associates of organized crime." Combined with Mirra's descriptions over many years to Ms. Jordan and others about his organized crime connections, his links to corrupt (and now, in some incidents, incarcerated) politicians, his extensive arsenal of firearms, his explosive temperament, his financial fraud against Ms. Jordan, his concern that Ms. Jordan was learning the details of that fraud and his concerted and increasing veiled and direct threats to Ms. Jordan's life leading to the events of February 5, 2010, it is the defense's view is that a jury will have no trouble finding that Mirra is a dangerous person who did, indeed, make threats that any reasonable personal would be terrified by. Ms. Jordan will then have a constitutional right to introduce expert evidence to show that given her unique circumstances, her fears for her life were objectively reasonable.

As stated in paragraph 5 of the civil Complaint, "This action is completely independent from the criminal court proceedings or from any divorce proceedings which were finalized in 2001." A final judgment against Mirra in this action is not relevant in the criminal case. Likewise, the outcome of the criminal case is not relevant to Mirra's potential liability in this action.

The factual allegations made in the Complaint which are the bases for Jordan's causes of action are based upon facts already known to Jordan. For example, the only specific example of a factual overlap mentioned by the District Attorney in the Motion to Stay are the forgeries mentioned in Jordan's Motion for Bail in the criminal proceedings and alleged in the Complaint.

See Motion to Stay at 5-6.  But, Jordan already has proof of such forgeries, approximately 120 of them, including expert opinion.  As a result, any defense in this action asserted by Mirra for having Jordan's signature forged on documents and notarized by notaries in places where Jordan was not present, which would be the subject of discovery in this action, would not be relevant in the criminal proceeding.  If there is some aspect of the criminal case which would be unfairly impacted by discovery in this action concerning these forgeries which, as stated, are already known to Jordan, the District Attorney should have to specify what that is before it can obtain any limitation of specific discovery, let alone a complete stay of the entire action.

       As discussed below, any incidental and nonmaterial overlap with respect to the expected testimony of Mirra in the criminal proceeding, can and should be dealt with in the narrowest possible way so as not to prejudice the rights of Jordan as a Plaintiff or impede the orderly process of this action.  See Fendi Adele, 2006 WL 2585612 at *2 ("even if there is some overlap – or indeed identity – between the factual underpinnings of the cases, a stay may justifiably be denied in favor of more limited relief"); Travelers Cas. & Sur. Co., 2002 WL 844345 at *3 (denying a motion to stay a civil proceeding pending resolution of a parallel criminal proceeding despite acknowledging that there will be some overlap between the criminal and civil proceedings).

## IV.     THE MOTION TO STAY IS NOT SUPPORTED BY ANY FIFTH AMENDMENT PRIVILEGE CLAIMED BY THE DEFENDANT MIRRA

       The second factor to be considered is the status of the case and whether the defendant has been indicted.  This factor relates to the primary reason for the granting of stays in civil cases when there is a "parallel" criminal case – the avoidance of undermining a defendant's Fifth Amendment privilege against self-incrimination.  Louis Vuitton, 2012 WL 1034900 at *10 ("courts have generally been concerned about the extent to which continuing the civil proceeding

would unduly burden a defendant's exercise of his rights under the Fifth Amendment"). <u>See</u> <u>also</u>, <u>e.g.</u>, <u>SEC v. Dresser Indus., Inc.</u>, 628 F.2d 1368, 1376-77 (D.C. Cir.), <u>cert.</u> <u>denied</u>, 449 U.S. 993 (1980) (denying a discovery stay and stating that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter").

The basis of this concern was further discussed in <u>Sterling National Bank</u>, 175 F.Supp.2d at 577, wherein the court stated: "When a defendant has been indicted, his situation is particularly dangerous, and takes a certain priority, for the risk to his liberty, the importance of safeguarding his constitutional rights, and even the strain on his resources and attention that makes defending satellite civil litigation particularly difficult, all weigh in favor of his interest."

The District Court in <u>Sterling National Bank</u> found that "district courts in this Circuit generally grant the extraordinary remedy of a stay only after the defendant seeking a stay has been indicted." <u>Id.</u> (citation and internal marks omitted). In the absence of an indictment, as is the case with Mirra, a court will not have a reasonable basis for determining the extent to which a person so indicated may be in need of protection of his or her Fifth Amendment rights. <u>Sterling National Bank</u>, 175 F.Supp.2d at 577. <u>See also</u> <u>Arden Way Assocs. v. Boesky</u>, 660 F. Supp. 1494, 1497 (S.D.N.Y. 1987) (denying stay and stating, "[a]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff[s] should be delayed in [their] efforts to diligently proceed to sustain [their] claim."), <u>quoting</u> <u>Paine, Webber, Jackson & Curtis Inc. v. Malon S. Andrus</u>, 486 F.Supp. 1118, 1119 (S.D.N.Y. 1980) (also denying stay).

Here, as in <u>Sterling National Bank</u>, there is no indicted defendant who is concerned about his or her Fifth Amendment rights.  If Mirra, as a material witness, not a defendant, has concerns about waiving his Fifth Amendment rights in either the criminal or the civil case, such a concern has not yet been raised by him.  Even if Mirra expressed such a concern, a stay would still not be warranted given that Mirra's Fifth Amendment rights could be easily be protected in any number of ways, as the SDNY noted in <u>Fendi Adele</u>, 2006 WL 2585612 at *2:

> [E]ven if there is some overlap – or indeed identity – between the factual underpinnings of the cases, a stay may justifiably be denied in favor of more limited relief, such as, for example, a protective order postponing the indicted defendant's testimony, whether by deposition or interrogatory, even while permitting other discovery to proceed.  [Citation omitted].  Moreover, if the equities so suggest, the court may simply decline any limitation on discovery, leaving the defendant in question to the alternative remedy of invoking his Fifth Amendment privilege.  [Citation omitted].

<u>See</u> <u>also</u> <u>Arden Way Assocs</u>., 660 F.Supp. at 1498 (upon denying a motion to stay a civil proceeding, the court noted that the defendant "need not disclose confidential information which may incriminate him; he has the option of asserting his Fifth Amendment privilege where applicable…").

Therefore, the Fifth Amendment considerations usually taken into account in determining whether to grant a stay when the defendant in the civil case is also a defendant in the criminal matter, need not be considered in the case at bar and do not support the request of the District Attorney in its Motion to Stay.

## V.    A STAY WILL PREJUDICE THE PLAINTIFF'S RIGHT TO PROSECUTE HER CIVIL CLAIMS

The third factor calls for the weighing of the interests of the Plaintiff and the prejudice to the Plaintiff caused by a requested stay.

Without clearly stating which relief it is actually seeking, the District Attorney's Motion to Stay asks for both a complete stay of the action (on page 13, it requests a "stay of this action until the conclusion of the criminal proceeding") and a complete stay of discovery (in the next sentence on page 13, the District Attorney requests a "stay of discovery in this action until the resolution of the Plaintiff's criminal matter").  Either would substantially prejudice Jordan.

There has been no trial scheduled on the criminal charges against Jordan.  There has been no date set for the scheduling of a trial date.  There are, in fact, various complex matters to be resolved in the criminal proceedings before a trial date is set.  Therefore, the District Attorney's request for a complete stay of the action or discovery is an open-ended one.  Such an indefinite stay, without limits to its scope and duration, is an "extraordinary remedy," one disfavored by courts.  Sterling National Bank, 175 F.Supp.2d  at 577.

Such an extraordinary remedy is disfavored for good reason.  It creates a great burden and prejudice on a plaintiff's right to the efficient conduct of his or her claim.  In a case such as the one at bar – which has only just commenced with the filing of a complaint; which involves complex business and financial matters spanning over more than a decade; which will involve the production of thousands of pages of documents; and which will involve numerous depositions of various individuals and institutions in various states and perhaps overseas – such an open-ended stay would be especially prejudicial.  See, e.g., Arden Way Assocs., 660 F. Supp. at 1497 (stating in its denial of a motion to stay a civil proceeding, "[p]laintiffs have a substantial

8

interest in the efficient conduct of this complex litigation, and in compliance with the Federal Rules of Civil Procedure.")

In addition to depriving Jordan of her right to proceed expeditiously in general in this litigation (Sterling National Bank, 175 F.Supp.2d at 579), substantial and material prejudice to the Plaintiff would include but not be limited to the following:

1.      A substantial delay in the adjudication of motions that may be brought by the defendant under Fed. R. Civ. P. 12, which could include motions to challenge personal jurisdiction or venue in this action.  The prejudice of waiting, possibly years, for the adjudication of such motions is clear.  Such prejudice could include statutes of limitations problems resulting from a long delay.  Any such motion, if brought, should be adjudicated without delay.

2.      An indefinite delay, such as the one requested by the District Attorney, could also result in statute of limitations issues with respect to other potential defendants.  It is anticipated that evidence may come to light in the case at bar which could point to the involvement of others in the financial wrongdoing of Mirra.  For example, such evidence may show a tortious involvement of Merrill Lynch & Co., Inc. with Mirra in the defrauding of Jordan.  Having to wait, possibly years because of a stay, before such evidence comes to light could create statutes of limitations problems which would allow other wrongdoers to escape ability for such wrongdoing.

3.      The significant delay sought by the District Attorney could significantly prejudice Jordan by increasing her risk of not being able to collect on a judgment obtained in this action.  There are tens of millions of dollars at stake in this litigation.  Jordan does not know whether Mirra still has the assets out of which she was defrauded in the 2008 Separation and Distribution Agreements or whether Mirra has other assets at this time to compensate her if she recovers in

this action.  But, a significant delay, as is sought by the District Attorney, could add risks to such a recovery.  During such time, for example, Mirra could disperse or hide assets, or simply suffer business problems or reversals.  See, e.g., Sterling National Bank, 175 F.Supp.2d at 580.  For example, it is believed by Jordan that Mirra is still one of the major shareholders of Allion Healthcare, Inc. ("Allion") which acquired Biomed America, Inc. ("Biomed").  It is alleged in the Complaint that such an acquisition figured into Mirra's acquisition of Jordan's interest in Biomed in breach of his fiduciary duties and by fraudulent misrepresentations.  The Attorney General of New York has just indicted a number of employees of Allion or one of its subsidiaries in a $274 million dollar HIV/AIDS black market prescription drug and money laundering scheme which could have a significant effect on the future value of Mirra's interest in Allion. See Press Release: "A.G. Schneiderman Announces Arrests In $274 Million Black Market Prescription Drug Operation," dated April 4, 2012 (attached hereto as Exhibit 2).

The Complaint carefully sets out in detail the bases for the claims of fraud, fraudulent inducement, breach of fiduciary duty and other claims.  As set forth above, this is a matter which, in any event, will require extensive document and deposition discovery.  A significant open-ended delay in the litigation of this action will cause a substantial prejudice to Jordan as Plaintiff in this action.

## VI.   THE DEFENDANT HAS NO LEGITIMATE INTEREST IN A STAY

The fourth factor calls for a weighing of the private interests of and burden on the defendant, Mirra.  But, Mirra has no legitimate private interest in a stay which would delay his potential liability, or discovery in this action with respect to such liability.  To the contrary, as the SDNY noted in Arden Way Assocs., Mirra's private interest in staying this proceeding, if

any, "shrinks when placed in the context of [Jordan's] interest in diligently prosecuting [her] allegations of fraud." Arden Way Assocs., 660 F.Supp. at 1497.

Being a potential material witness for the prosecution in the criminal case against Jordan, in which Mirra will apparently testify that neither "Ms. Jordan or her child were threatened with imminent deadly force by Mirra" (Motion to Stay at 6) does not entitle him to a free pass, even a temporary one, from having to defend against Jordan's claims against him in this action.

As stated earlier, if Mirra is going to assert his Fifth Amendment rights, then the questions which may arise from such an assertion, can be dealt with at that time. But, at this time, he has not yet done so. Nor, in fact, has he come forward and joined in the request for a stay of this action against him.

## VII.  THE COURT HAS AN INTEREST IN THE EFFICIENT RESOLUTION OF THE ACTION WHICH IS CONTRARY TO THE STAY SOUGHT BY THE DISTRICT ATTORNEY

The fifth factor to be considered is the interests of the courts with respect to the requested stay. Surely, this court has an interest, as do the parties, in an efficient resolution of this action. And surely, granting such a stay of this action would be contrary to such interest. The court also has a particular interest in being able to manage the cases before it. Sterling National Bank, 175 F.Supp.2d at 580. The stay requested by the District Attorney would place a heavy burden on such management. See Paine, Webber, 486 F.Supp. at 1119 (denying stay and stating that "a policy of freely granting stays solely because a litigant is defending simultaneous multiple suits would threaten to become a constant source of delay and an interference with judicial administration.").

The goal of resolving cases as efficiently and as expeditiously as possible cannot be achieved by the indiscriminate shutdown of the entire case, as requested by the District Attorney,

but only by the most discreet and precise limitation of discovery – if the District Attorney can show that any such limitation is appropriate at all.

## VIII.   THE INTERESTS OF THE PUBLIC DO NOT SUPPORT A STAY OF THIS ACTION

The final factor to be analyzed is the public interest.  Of course, the public interest is not limited to criminal prosecutions, but includes the prompt investigation and resolution of civil actions as well.  See  SEC v. Dresser Indus., Inc., 628 F.2d at 1375, citing United States v. Kordel, 397 U.S.1, 12 (1970).

The District Attorney argues in its Motion to Stay that the issues in the criminal case and this case overlap.   As shown above, however, if there is any overlap of the issues of the criminal case at bar, such overlap is minimal or incidental and not material.  Again, the issues as to whether Mirra can escape civil liability for the financial wrongdoings he committed against Jordan, which are already known by Jordan and set forth in the Complaint, are not relevant in the criminal action.  Even if they were, the burden would be on the District Attorney to specify such issues and how discovery in the civil case would, by virtue of the broader discovery rules regarding the wrongdoings already known to her, give Jordan an improper advantage in the criminal action.

The District Attorney argues that:

Ms. Jordan should not be permitted to use the broad civil discovery rules and procedures available in this civil action to procure information that would not be available to her in her criminal case.  To allow Ms. Jordan the use of such discovery mechanisms would allow her to tailor testimony and defenses to conform to the District Attorney's proof.

Motion to Stay at 6.

As stated above, there is simply no information which is not already known to her, which either the District Attorney has, or which Mirra could reveal concerning his defenses to civil

liability for the claims set forth in the Complaint, which would be useful to Jordan in the criminal proceedings.

The last sentence of the quotation from the Motion to Stay above, that "the use of such discovery mechanisms would allow her to tailor testimony and defenses to conform to the District Attorney's proof," simply makes no sense in the context of these cases.  In its criminal case against Jordan, the District Attorney is not going to be offering "proof" of the same allegations of the financial wrongdoing committed against Jordan by Mirra which are contained in the Complaint in this action.

Therefore, the Plaintiff cannot imagine what the District Attorney is referring to when it talks about her being able to tailor her testimony and defenses to the District Attorney's proof on the basis of the discovery in this action.  Whatever the District Attorney has in mind, it is inconceivable that it could justify a stay of either this action or the discovery in this action.

The District Attorney mentions in its Motion to Stay, the interviews it conducted with Mirra.  Although the District Attorney fails to specifically articulate a concern that the discovery in this action will reveal the contents of such interviews, that may be the unstated concern which has motivated this Motion to Stay.  If that is what concerns the District Attorney, then that should be clearly stated and the District Attorney should have the burden showing why such communications should be off-limits in a deposition in this action.  Such a burden is, indeed, a heavy one.  Louis Vuitton, 2012 WL 1034900 at *10 ("The person seeking a stay bears the burden of establishing its need") (citation and internal marks omitted).

The Second Circuit Court of Appeals, in its recent decision in Louis Vuitton, showed just how heavy a burden there is when requesting a stay because of criminal proceedings when the Court affirmed a district court's denial of a stay while acknowledging that: the defendants had

13

already been indicted in a parallel criminal proceeding which involved the same subject matter as

the civil action; the criminal trial was "reasonably imminent;" and the burden on the civil

defendants was significant in the civil action because government immigration authorizes had

seized documents and computers in the criminal action which the defendants needed for their

defense in the civil action.  Louis Vuitton, 2012 WL 1034900 at *13.  See also SEC v.

Constantin, 2012 WL 1195700 at *2 (where the SDNY denied a motion to stay even though "the

allegations are 'substantively identical' in the civil case brought by the SEC and the criminal

investigation by the U.S. Attorney's Office.").

   In the case at bar, where there is no material overlap with the issues in the criminal

action, there is no way in which the District Attorney can sustain the burden of a stay of this

action or of discovery in this action, which would be highly prejudicial to the rights of Jordan as

Plaintiff and to the administration of justice.

## IX.     CONCLUSION

It is respectfully submitted that for the reasons set forth above, the District Attorney's

Motion to Stay should be denied.

Respectfully submitted,


s/Kenneth A. Sweder
_____
Kenneth A. Sweder (admitted *pro hac vice*)
Laurie M. Ruskin (admitted *pro hac vice*)
Sweder & Ross LLP
131 Oliver Street
Boston, MA 02110
Tel. (617) 646-4466
Fax (617) 646-4470
ksweder@sweder-ross.com
lruskin@sweder-ross.com

Nathan Z. Dershowitz (NZD-8752)
Amy Adelson (AA-4078)
Dershowitz, Eiger & Adelson, P.C.
220 Fifth Avenue, Suite 300
New York, NY 10001
Tel. (212) 889-4009
Fax (212) 889-3595
ndershowitz@lawdea.com
aadelson@lawdea.com

*Attorneys for the Plaintiff Gigi Jordan*

Dated: May 4, 2012