IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIGI JORDAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 14-1485-SLR/SRF |
| ) | |
| RAYMOND A. MIRRA, JR., et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this 31st day of August, 2016, having reviewed the June 7, 2016 Report and Recommendation issued by Magistrate Judge Sherry R. Fallon (D.I. 158), defendants' objections thereto (D.I. 161-162), and plaintiff's response to the objections (D.I. 163); as well as having reviewed and accepted Judge Fallon's June 3, 2016 Report and Recommendation in the related case of *The Hawk Mountain LLC, et al. v. Raymond A. Mirra, Jr., et al.,* Civ. No. 13-2083-SLR/SRF ("*Hawk Mountain*") (D.I. 457, 472);[1]

IT IS ORDERED that, pursuant to 28 U.S.C. § 636(b)(1), the Report and

---

[1] A case brought by plaintiff and others against virtually the same defendants based upon virtually the same underlying facts. In her Report and Recommendation in that case, Judge Fallon recommended dismissal of the second amended complaint which sought relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. Included among the arguments considered on the merits was the statute of limitations.

Recommendation is accepted in part,[2] rejected in part, and the pending motions to dismiss recommitted to Judge Fallon for the following reasons.

    1. The complaint at issue (D.I. 84) includes ten common law causes of action against the group known as the "RAM" defendants; each of those ten counts raises different allegations against different individual defendants. The briefing associated with the motions to dismiss were internally inconsistent, making it difficult to discern which arguments applied to which individual defendants in connection with which counts. Rather than have defendants clarify in a further round of briefing, it is hardly surprising that Judge Fallon determined that the merits of the issues could be better addressed on a full record, especially considering the unusual and complicated factual scenario presented by the pleadings.

    2. Having acknowledged the complexity of the case and the less-than-helpful papers submitted by the parties, nevertheless, given the overlap between the facts alleged by plaintiff at bar and plaintiffs in *Hawk Mountain*, the court concludes that the better course is to recommit the motions to dismiss to Judge Fallon. On "remand," Judge Fallon is instructed to address on the merits at least the statute of limitations defense raised by all of the defendants, giving defendant Mirra an opportunity to respond to the new contention raised by plaintiff at oral argument. (See D.I. 158 at 19)

    IT IS FURTHER ORDERED that, consistent with the above::

    3. Plaintiff's motion to amend (D.I. 123) is granted.

    4. Defendants' motions to dismiss (D.I. 108, 112) are recommitted to Judge

---

[2]Defendants did not file objections to the recommendation that plaintiff be allowed to amend.

Fallon for consideration on the merits.

5. The litigation shall be stayed pending resolution of the motions to dismiss.

_____
United States District Judge