# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIGI JORDAN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 14-cv-1485 |
| | : | |
| RAYMOND A. MIRRA, et al. | : | |
| Defendants. | : | |

McHUGH, J.                                                                 NOVEMBER 28, 2017

## **MEMORANDUM**

This is a diversity action referred to Magistrate Judge Sherry R. Fallon for a Report and Recommendation ("R & R") on a Motion to Dismiss. Judge Fallon has prepared a comprehensive and well-reasoned report (D.I. 199) and for the reasons that follow I will adopt it in its entirety.

The vast majority of Judge Fallon's conclusions are not challenged, and are therefore reviewed only for clear error. 28 U.S.C. § 636(b)(1). I find none.

My endorsement includes Judge Fallon's conclusions that:

1. the Mutual General Release Document (D.I. 200-2) [hereinafter "the Release"], if accepted as valid, bars all claims except Plaintiff Gigi Jordan's breach of warranty claim (Count VII) and her claim for declaratory relief (Count X);

2. the statute of limitations does not bar Plaintiff's breach of warranty claim; but

3. the surviving warranty claim cannot serve as a legal predicate for her declaratory judgment claim.

My endorsement further extends to Judge Fallon's alternative bases for her conclusion:

4. that, even if the Release were deemed inapplicable, New York's six-year statute of

limitations bars Plaintiff's breach of contract on promissory notes claim (Count I), much of her accounting claim (Count II) as to all Defendants, and her fraudulent inducement claim (Count V) as to Defendants Troilo, Tropiano, and Kolleda;

5. New York's three-year statute of limitations bars Plaintiff's common law fraud claims (Count III) as to Defendant's Troilo, Kolleda, Kovinsky, and Tropiano, her breach of fiduciary duty claim (Count VI) as to Defendants Mirra, Troilo, and Kolleda, and her unjust enrichment claim (Count VIII) as to all Defendants; and

6. her aiding and abetting fraud claim (Count IV) is time-barred under either statute of limitations.

Finally, as an additional alternative basis for dismissal of Plaintiff's common law fraud claim based on alleged forgeries, Judge Fallon concluded that it was insufficiently pleaded because only third parties relied on the purportedly forged documents. As the controlling standard, Judge Fallon properly applied *Pasternack v. Lab Corp.*, 2014 WL 4832299 (S.D.N.Y. 2014).[1]

Turning to Plaintiff's objections, Defendants rightly point out that those objections principally rely on arguments that were not before Judge Fallon, and Plaintiff makes no effort to show good cause (D.I. 200-2). This is contrary to this Court's Standing Order for Objections, and the Magistrate's Act, and could therefore be considered waived.[2] I will nonetheless address the merits.

---

[1] *Pasternack* actually resolved a conflict between federal and state decisions, as the Second Circuit certified the issue to the New York Court of Appeals, which definitively resolved the issue. *See Pasternack v. Lab. Corp. of Am. Holdings*, 839 F.3d 151, 152 (2d Cir. 2016), and *Pasternack v. Lab. Corp. of Am. Holdings*, 27 N.Y.3d 817, 827, 59 N.E.3d 485, 491, *reargument denied*, 28 N.Y.3d 956, 60 N.E.3d 421 (2016) ("We hold that under New York law, such third-party reliance does not satisfy the reliance element of a fraud claim.").

[2] Indeed, "[t]he purpose of the Magistrate's Act would be frustrated if we were to require a district court to consider a claim presented for the first time after the party has fully litigated his claims before the magistrate judge and found that they were unsuccessful." *See Turner v. Pennsylvania Bd. of Prob. & Parole*, No. CIV.A. 13-33, 2013 WL 5970338, at *1 (W.D. Pa. Nov. 8, 2013) (quoting *Bolar v. Blodgett*, 29 F.3d 630 (Table), 1994 WL 374194, *1 (9th Cir.1994)); *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) ("[I]t is *new* arguments that are problematic.") (citing Standing Order ¶ 5).

Plaintiff's objections are threefold: that it was improper (a) to dismiss all her claims except for breach of warranty on the basis of the Release, because the Release does not cover her fraud and fraudulent inducement claims (Counts III and V, respectively); (b) to dismiss her fraud and fraudulent inducement claims against defendant Mirra for lack of justifiable reliance because justifiable reliance cannot be determined at the pleading stage; and (c) to dismiss her fraud and fraudulent inducement claims, otherwise subject to a six-year statute of limitations, as incidental to her conversion claims, and thereby subject to a three-year statute of limitations.

First, Plaintiff's argument that her fraudulent inducement claims are beyond the scope of the Release fails because the principal case upon which she relies, *E.I. DuPont de Nemours & Co. v. Florida Evergreen Foliage*, 744 A.2d 457, 461 (Del. 1999), is limited to situations where the fraud alleged is separate from and not barred by the terms of the agreement. Here, any fraud claim advanced under such a theory would be barred by paragraph 6 of the Release, which states, in sufficiently specific language: "[n]either [party] will assert any Claims against the other . . . arising from or relating to negotiation, execution, and delivery of [this] Agreement." *See* D.I. 200-2, ¶ 6.

As to Plaintiff's second objection about reliance, I agree with Judge Fallon that any misrepresentations would have been obvious, and Plaintiff made no reasonable inquiry. R & R at 40. Plaintiff's reliance argument ultimately calls this Court to take certain language in the Agreement out of context. Paragraph 4 of the Release states in part, "[t]he Parties deny any wrongdoing in connection with these matters," D.I. 200-2, ¶ 4, leading Plaintiff to argue that the "express terms and conditions" of the Release create a warranty under which she can sue. In context, however, paragraph 4 conveys the exact opposite of what Plaintiff argues, because the preceding sentence states: "Each Party hereby agrees that this Release Agreement shall not be

construed as an admission by any Party." *Id.* Defendants persuasively argue that accepting Plaintiff's interpretation of the Release would convert documents meant to end litigation into documents that foment litigation. *See Seven Investments, LLC v. AD Capital, LLC*, 32 A.3d 391, 400 (Del. Ch. 2011) (concluding that the *DuPont* decision does not prevent parties from executing general releases that extinguish claims for fraud, including claims for fraud in the inducement, particularly where the party granting the release is on notice of potential fraud claims).

Nor do I find error in Judge Fallon's refusal to embrace a lower standard of reliance.[3] The non-precedential Second Circuit case on which Plaintiff relies applied California law, *L-3 Communications Corp. v, OSI Systems, Inc.*, 283 F. App'x 830 (2d Cir. 2008), and the New York cases involved an agreement between an attorney and clients who were not represented by independent counsel in their dealings with said attorney, *Swift v. Ki Young Choe*, 242 A.D. 2d 188 (N.Y. App. Div 1998). Neither is the case here.

Finally, I am persuaded that Judge Fallon properly found Plaintiff's common law fraud claims incidental to her conversion claims, and therefore subject to a three-year statute of limitations that renders them untimely. Plaintiff's objection to this conclusion relies on cases with significantly different facts, where victims were not represented by independent counsel, and pleaded underlying misrepresentations of a much different nature. In those cases, the plaintiffs pleaded all of the elements of an independent fraud claim. Plaintiff here did not. Thus, the statute of limitations for conversion properly applies.

In sum, I accept the R & R in whole. Accordingly, Defendants' Motions to Dismiss are

---

[3] Plaintiff, a sophisticated party represented by independent counsel, needed only to review a three-page document before signing. Plaintiff's footnote objection to Judge Fallon's refusal to apply equitable tolling also fails for the same reason: Plaintiff could have discovered the alleged misrepresentations or omissions if she exercised due diligence. R & R at 36–7.

**GRANTED**. Plaintiff's Amended Complaint will be **DISMISSED** with prejudice as to Counts I through VI and VIII through X. Plaintiff may proceed on Count VII only.

      /s/ Gerald Austin McHugh
      United States District Judge