IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIGI JORDAN  Plaintiff/Counterclaim-Defendant,  -against-  RAYMOND A. MIRRA, JR.,  Defendant/Counterclaim-Plaintiff. | C.A. No. 1:14-cv-01485-GAM-SRF  **ORAL ARGUMENT REQUESTED** |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST TO STRIKE EXPERT'S AFFIDAVIT SUBMITTED IN CONNECTION WITH PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S REPORT

Defendant Mirra's response to our Objections has three fundamentals flaws. First, it proceeds from a false premise – the wrong standard of review. Second, it misuses that false premise as a mistaken ground for asking the Court to disregard the expert affidavit properly submitted with our Objections.[1] Third, it misstates prior rulings of the Court as if Mirra is exempted from producing discovery about substantial unlisted assets of companies if the companies themselves were listed.

The Special Master's Report should be reviewed de novo, and, under that standard, the Court should accept the expert affidavit. Moreover, the prior orders of this Court must be followed.

---

[1] A fourth flaw is the lack of authority for Mirra to submit any response to Objections. Neither Fed. R. Civ. P. 53 nor 72 provides for a response in these circumstances.

1

## 1. De Novo Review, Not Abuse of Discretion, Is the Correct Standard

When "acting on a Master's [] report, or recommendation," the "relevant rule states that 'findings of fact' and 'conclusions of law' must be reviewed de novo." *Callwave Communications LLC v. AT&T Mobility LLC*, 2016 WL 3450736, at *1 (D. Del. June 16, 2016) (citing Fed. R. Civ.P. 53(f)(3) & (4)); *see also* Rule 53(f)(1).[2]

The line between a procedural matter and a non-procedural matter is clear enough. *Callwave*, 2016 WL 3450736 at *1. A "schedule would be a procedural matter," like "fail[ing] to file something before the Special Master according to the schedule set." *Id.* On the other hand, "resolution of attorney-client privilege issues," and "a ruling on the exclusion of evidence at trial," along with the other factual findings and legal conclusions made in the R&R reviewed here, are "not [] procedural matter[s]," and "must [be] review[ed] *de novo*" where "the rulings [] are challenged." *Id.*

The *de novo* standard of review applies here. The Master's report involves "findings of fact and ultimately [] conclusion[s] of law." *Id.*

---

[2] *See also Orion Power Midwest, L.P. v. Am. Coal Sales Co.*, 2008 WL 4462301, at *1 (W.D. Pa. Sept. 30, 2008) ("The Court is keenly aware of its supervisory duty pursuant to Fed.R.Civ.P. 53(f) to review de novo and decide objections to the Special Master's proposed orders."); *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2017 WL 10057923, at *1 (D. Del. June 23, 2017); *Sherwin-Williams Co. v. PPG Indus., Inc.*, 2018 WL 6695258, at *1 (W.D. Pa. Dec. 20, 2018) ("When a party files objections to a report and recommendation of a special master, the district court must make a de novo determination of the findings of fact and conclusions of law in the report to which objections are made."); *U.S. ex rel. Emanuele v. Medicor Assocs., Inc.*, 2014 WL 3747666, at *1 (W.D. Pa. July 29, 2014) ("The court reviews the special master's findings of fact and conclusions of law de novo."); *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, 209 F. Supp. 3d 810, 817 (W.D. Pa. 2016); *United States v. Educ. Mgmt. LLC*, 2013 WL 3863963, at *1 (W.D. Pa. July 23, 2013); *Arconic Inc. v. Novelis Inc.*, 2019 WL 911417, at *1 (W.D. Pa. Feb. 26, 2019).

To avoid the relevant standard of review, Mirra misreads a perfunctory reference in the Appointing Order stating the "[t]ime limits for review" are "subject to the same procedures as review of a Magistrate Judge, except as otherwise provided herein," as meaning something much broader. (Oct. 3, 2018 Order at 2-3). Defendant incorrectly claims that rather than the Court referring to time limits as written, the Court meant for the Appointing Order to change the legal standard altogether, substituting Rule 53's legal standard for Rule 72 (for Magistrate Judges).

The Court's Appointing Order neither implies nor states that incorrect legal standard should apply. Rule 53(b)(2)(D)'s requirement that the Court state the standard of review (along with time limits, methods of filing the record, and other procedures), is not an invitation to override the legally prescribed standard of review under Rule 53. Instead, 53(b)(2)(D)'s requirement that the Court state the "standard of review," applies only under circumstances where the parties stipulate to, and the Court then endorses, a departure from the de novo standard. As Rule 53(f)(3) states:

> ***The court must decide de novo all objections to findings of fact made or recommended by a master, <u>unless the parties, with the court's approval, stipulate that</u>***:
>
> (A) ***the findings will be reviewed for clear error***; or
>
> (B) the findings of a master appointed under Rule 53(a)(1)(A) ***or*** (C) ***will be final.***

(emphasis added). The parties made no stipulation here, and so the Court did not endorse one. Applying a different legal standard in the Appointing Order than Rule 53 prescribes, as Mirra wrongly suggests, would constitute reversible error, and so could not represent the Court's true intentions. *See Viera v. Life Ins. Co. of N. Am.*, 642 F.3d 407, 417–18 (3d Cir. 2011) ("[T]he District Court erred in applying abuse-of-discretion review rather than *de novo* review to [the]

3

decision"); *see also N.L.R.B. v. Frazier*, 966 F.2d 812, 813 (3d Cir. 1992); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 135 (2000). The *de novo* standard of review controls.

2. **Under De Novo Review, the Court "May Receive" Our Expert's Report**

Fed. R. Civ. P. 53 (f)(1) states that in reviewing a Special Master's report, "the court . . . may receive evidence." That rule covers the situation here and opens the door to our expert affidavit.

In a case like ours, where a "declaration was not before the Special Master," and the "Defendant[] object[ed] [,] arguing that it [wa]s too late to make up for a failure of proof before the Special Master," the court disagreed. *Robocast Inc. v. Microsoft Corp.*, 2013 WL 5979764, at *1 (D. Del. Nov. 7, 2013). Ruling that "I am constrained by Rule 53(f)(1), which states that I 'may receive evidence' in connection with any action I take in regard to a special master's report," the court "allow[ed] the further evidence" – the declaration attached to the objections – "given the de novo" standard. *Id.*

*Robocast* is no outlier. *See also Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, at *3–4 (D.N.J. June 26, 2008) ("With respect to considering additional evidence, the reviewing Court has the discretion to consider additional facts or hear evidence itself if it is needed to make a *de novo* determination"), citing *United States v. Raddatz*, 447 U.S. 667, 690–94 (1980); *Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2018 WL 6168035, at *5 (C.D. Cal. June 12, 2018) ("Defendants argue that the Court should disregard and strike all new evidence submitted by [Plaintiff] that was not before the Special Master," however "the Court does not find it improper for [Plaintiff] to seek to introduce new evidence").

4

The expert affidavit submitted provides clarification of technical matters in support of our Objections, and will assist the Court in reviewing the issues raised. The Court should receive this evidence.

### 3. No New Arguments by Jordan or in Expert's Affidavit

We agree with Mirra that "the parties 'cannot raise entirely new arguments for the first time on an objection to a Special Master's Report.'" (*See* Def. Mar. 27, 2019 Motion at 2-4; *Net2Phone, Inc. v. Ebay, Inc.*, 2008 WL 8183817, at *4). We did not make any.

The "evidence" our expert affidavit presents in support of our arguments, is not "a new argument." The expert affidavit merely supports arguments previously made to the Special Master. By way of example, Mirra incorrectly says that Jordan "improperly" "relies entirely on new evidence—the Warshavsky Affidavit—to contend that Peachtree data in native format would be more useful to her," (as if the issue was not previously presented to the Special Master). (*See* Def. Mar. 27, 2019 Motion at 4, emphasis added). But our September 19 letter to the Special Master extensively addressed that issue

> [Defendant's] accounting records have gaps for months and/or years at a time, where the voids show tens of millions of dollars just vanishing. Defendant's native Peachtree records will allow access to Peachtree's 'Audit Trail' function [to show when these transactions were] entered, edited, and deleted [and that those] Peachtree functions show the dates any back-up file was made to preserve Defendant's files. Those records should be produced in the manner they were ordinarily kept… show[ing] what happened to large missing transactions.

(Pl. Sept. 19, 2018 Ltr. at 14-15).

Based on this record before the Special Master, there is no credible argument that Jordan relied on the affidavit as the "entirely new evidence" to make "new arguments" about the Peachtree records, as Mirra wrongly contends.

Appendix 1 compares other citations to the record before the Special Master and the purported "new arguments" in the Objections, showing they were, in fact, not new.

### 4. Defendant Misinterprets the Court's Discovery Ruling Regarding Assets of Listed Companies

Having failed to produce basic accounting records for 72 companies, Mirra distorts this Court's June 13 and July 25 discovery orders. The Special Master reinforces those orders, explicitly stating:

> On 6/13/18, the Court compelled the production of documents 'pertaining to the assets and liabilities that were omitted from the SDA Schedules, **regardless of whether the companies with which these assets and liabilities were at one point associated with were listed on the SDA Schedules, or otherwise dissolved.**' ECF No. 257 at 1.

(Feb. 27, 2019 R&R at 5, emphasis in original). The R&R "points to this [Court's] ruling in support of the disclosure of the [] documents" Jordan "requested." *Id.*

Nonetheless, Mirra still wrongly contends this Court excused his production for "twelve entities" – including their unlisted assets – supposedly because the "twelve entities" were themselves "listed on the SDA." (*See* Def. Mar. 27, 2019 Motion at 7). That position defies the Court's actual order, which says the opposite. Mirra incorrectly restates the Court's Order as if it says those companies' undisclosed assets are "not subject to discovery" and "are not relevant" to Jordan's claim. (*Id.* at 6-7). The Court's orders (and the Special Master's reinforcement of them in the R&R at 5), are crystal clear. Jordan's breach of warranty claim involves the unlisted assets and liabilities of the companies, regardless of whether those companies were listed or not listed (or were otherwise dissolved before the SDA).

6

To avoid redundant litigation before the Special Master on the same issues already resolved by the Court, we ask the Court to reinforce its prior orders that Mirra must produce the documents requested relating to <u>all unlisted assets</u> and liabilities <u>of any companies</u>, whether those companies were listed on the SDA schedules or not. Otherwise, Mirra's misstatements of the Court's orders may spawn still more time consuming and unnecessary litigation (before the Special Master), defeating the purpose for which the Special Master was appointed: to facilitate the remaining discovery – <u>not</u> to resolve issues already ruled upon by this Court.

## CONCLUSION

The Court should not disregard but instead should consider the affidavit of our Forensic Accounting and Business Valuation Expert, Mark S. Warshavsky, made in support of our Objections. The correct legal standard – de novo review – permits that the Court may receive the affidavit, and no new arguments are presented in it (nor are any other new arguments made in the Objections). Further, the Court should eliminate any confusion about its prior orders, reinforcing that discovery pertaining to unlisted assets and liabilities must be produced, whether they are associated with companies that were listed (or not listed) on the SDA.

Dated: April 3, 2019

                                                         SULLIVAN • HAZELTINE • ALLINSON LLC

                                                         */s/ E.E. Allinson III*
                                                         Elihu E. Allinson III (DE Bar No. 3476)
                                                         901 North Market Street, Suite 1300
                                                         Wilmington, Delaware 19801
                                                         Tel: (302) 428-8191
                                                         Fax: (302) 428-8195
                                                         zallinson@sha-llc.com

                                                                     and

EMERY CELLI BRINCKERHOFF
  & ABADY LLP
Daniel J. Kornstein
600 Fifth Avenue
New York, New York 10020
Tel: (212) 763-5000
Fax: (212) 763-5001
dkornstein@ecbalaw.com

      and

RIVKIN RADLER LLP
Max Gershenoff
926 RXR Plaza
Uniondale, New York 11556
Tel: (516) 357-3000
Fax: (516) 357-3333
max.gershenoff@rivkin.com

*Attorneys for Plaintiff and Counterclaim-*
  *Defendant*

# APPENDIX 1

# APPENDIX 1

| PURPORTED "NEW ARGUMENT" | ARGUMENT ALREADY MADE TO SPECIAL MASTER |
|---|---|
| Defendant's Opposition Motion:<br><br>"Mirra has produced what Ms. Jordan mischaracterizes as 'an extremely limited percentage of the accounting records needed.'"<br><br>(at 3). | Plaintiff's Letters to Special Master:<br><br>"[A] huge number of basic business records remain unproduced, which we requested, and the Court confirmed should be produced," including "less than 14% of the tax returns Jordan asked for, and for the company general ledgers, Mirra produced even less, yielding only 8% of those."<br><br>(*See* Pl. Sept. 19 Ltr at 16; Nov. 20 Ltr at 4, Ex. A to Pl. Mar. 13 Obj.). |
| Defendant's Opposition Motion:<br><br>"Ms. Jordan did not actually seek to compel production in her letter to Judge Stengel regarding these [proof of payment counterclaim] documents."<br><br>(at 11).<br><br>And:<br><br>***"Ms. Jordan's letter to Judge Stengel… did not address a deficiency related to proof of payment.*** [] As Ms. Jordan's letter was silent on the topic, Judge Stengel did not address it."<br><br>(at 11 n. 4, emphasis added). | Plaintiff's Letter to Special Master:<br><br>"Jordan's May 8, 2018 First Request for Production called for Mirra to produce documents relevant to the counterclaims, namely Mirra's legal bills, retention agreements, and proof of payment."<br><br>(*See* Pl. Jan. 7 Ltr. at 2, Ex. 5 to Def. Mot.).<br><br>And at Jan. 11 Hearing Before Special Master:<br><br>"[Defendant] ha[s] not produced proof of payment… All of that is relevant in terms of a summary judgment motion for $7 to $8 million."<br><br>(at 18, lines 14-15, 18-20, Ex. A). |

# EXHIBIT A

```
            IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF DELAWARE

                         - - -

GIGI JORDAN,                  :  CIVIL NO. 14-1485
                              :
          Plaintiff           :
                              :
                              :
                              :
                              :
                              :
                              :
     v.                       :
                              :
                              :
                              :
                              :
                              :
                              :
RAYMOND A. MIRRA, JR.,        :  Philadelphia, Pennsylvania
                              :  January 11, 2019
          Defendant           :  10:01 a.m.

                         - - -

         TRANSCRIPT OF DISCOVERY DISPUTE HEARING
       BEFORE THE HONORABLE LAWRENCE F. STENGEL
                     SPECIAL MASTER

                         - - -

APPEARANCES:

For the Plaintiff:    DANIEL J. KORNSTEIN, ESQUIRE
                      Emery Celli Brinckerhoff & Abady
                      600 Fifth Avenue
                      10th Floor
                      New York, NY 10020


For the Defendant:    JULIA BESKIN, ESQUIRE
                      DONALD REINHARD, ESQUIRE
                      Quinn Emanuel
                      51 Madison Avenue
                      22nd Floor
                      New York, NY 10010
```

TK Transcribers
9 Dogwood Avenue
Glassboro, NJ 08028
609-440-2177

18

1  McHugh that he extent that because of the discovery
2  issues, would that --
3            MR. KORNSTEIN:  That would --
4            THE COURT:  -- help you?
5            MR. KORNSTEIN:  -- certainly help because
6  we need to get the new material.  We don't know if
7  what they will produce now will work on the systems.
8  We also know that there are other matters that are
9  included in the bills that have not been deducted.
10 We laid out some of that for Your Honor.  We don't
11 know what the privilege log is going to show or what
12 the redactions were.  It may require further
13 discovery whether by way of deposition of the
14 attorneys.  We also -- they have not produced proof
15 of payment.  We don't know if this was simply bills
16 and it was something to be incurred and paid as a
17 contingency.  There were some references in the
18 billing to contingency arrangements.  All of that is
19 relevant in terms of a summary judgment motion for $7
20 to $8 million.
21           THE COURT:  So is the -- I have not
22 reviewed the summary judgment motion.  Is the motion
23 for summary judgment on the counterclaim asking for
24 judgment as a matter of law on that counterclaim
25 supported by those legal bills?