IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIGI JORDAN, | ) |
| | ) |
| Plaintiff/Counterclaim-Defendant, | ) |
| | ) |
| v. | ) C.A. No. 14-01485-GAM |
| | ) |
| RAYMOND A. MIRRA, JR., | ) **REDACTED - PUBLIC VERSION** |
| | ) |
| Defendant/Counterclaim-Plaintiff. | ) |

# RESPONSE TO PLAINTIFF'S OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATION REGARDING DISCOVERY DISPUTES

OF COUNSEL:

QUINN EMANUEL URQUHART & SULLIVAN, LLP

Robert L. Raskopf
Julia M. Beskin
Nicholas A.S. Hoy
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
robertraskopf@quinnemanuel.com
juliabeskin@quinnemanuel.com
nicholashoy@quinnemanuel.com

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

Kenneth J. Nachbar (DE #2067)
Thomas P. Will (DE #6086)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
knachbar@mnat.com
twill@mnat.com

*Attorneys for Defendant and Counterclaim-Plaintiff Raymond A. Mirra, Jr.*

Dated: March 27, 2019

**TABLE OF CONTENTS**

<u>**Page**</u>

INTRODUCTION ..................................................................................................................1

RESPONSE TO OBJECTIONS ...........................................................................................1

I. MS. JORDAN'S OBJECTIONS RELY ON THE WRONG STANDARD OF REVIEW AND IMPROPERLY RELY ON NEW EVIDENCE AND ARGUMENTS ..............................................................................................................1

    A. The Correct Standard Of Review Is Abuse Of Discretion ......................................2

    B. Ms. Jordan's Objections Improperly Rely On New Arguments And Evidence ..................................................................................................................2

II. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION BY DENYING MS. JORDAN'S REQUEST FOR RE-PRODUCTION OF PEACHTREE FILES IN NATIVE FORMAT .................................................................................................4

III. MS. JORDAN PROVIDES NO LEGAL BASIS FOR A THIRD-PARTY INSPECTION OF MR. MIRRA'S ACCOUNTING DATABASE ..................................6

IV. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION BY ORDERING MS. JORDAN TO RESPOND TO MR. MIRRA'S INTERROGATORIES .............................7

V. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION IN ORDERING MS. JORDAN TO SIT FOR A DEPOSITION REGARDING HER DOCUMENT COLLECTION PRACTICES .........................................................................................10

VI. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION IN DENYING MS. JORDAN'S REQUEST FOR RETAINER LETTERS AND FEE AGREEMENTS ........11

CONCLUSION ......................................................................................................................12

# TABLE OF AUTHORITIES

**PAGE**

## CASES

*Byers Theaters v. Murphy*,
   1 F.R.D. 286 (W.D. Va. 1940) .......................................................................... 10

*Cinema Amusements v. Loew's, Inc.*,
   7 F.R.D. 318 (D. Del. 1947) ............................................................................. 10

*Farran v. Johnston Equip., Inc.*,
   1995 WL 298223 (E.D. Pa. May 11, 1995) ..................................................... 9

*Gorilla Glue Co. v. CentiMark Corp.*,
   2019 WL 1099858 (W.D. Pa. Mar. 8, 2019) ................................................... 3

*Horner v. Cummings*,
   2015 WL 13613261 (M.D. Pa. Oct. 27, 2015) ................................................ 3

*In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*,
   2013 WL 12291705 (D. Del. Oct. 22, 2013) ............................................... 8, 10

*Klein v. Leader Elec. Corp.*,
   81 F. Supp. 624 (N.D. Ill. 1948) ...................................................................... 10

*Koninklijke Philips N.V. v. ZOLL LifeCor Corp.*,
   2014 WL 4660338 (W.D. Pa. Aug. 22, 2014), *adopted in relevant part*, 2014 WL
   4660539 (W.D. Pa. Sept. 17, 2014) ................................................................. 10

*M3Girl Designs, LLC v. Blue Brownies, LLC*,
   2011 WL 13128965 (N.D. Tex. Aug. 31, 2011) ............................................. 5

*Masimo Corp. v. Philips Elec. N. Am. Corp.*,
   62 F. Supp. 3d 368 (D. Del. 2014) ................................................................... 3

*Nippon Steel & Sumitomo Metal Corp. v. Posco*,
   2014 WL 1266219 (D.N.J. Mar. 26, 2014) ..................................................... 2

*Pappas v. Loew's, Inc.*,
   13 F.R.D. 471 (M.D. Pa. 1953) ........................................................................ 10

*Peerless Indem. Ins. Co. v. Sushi Ave., Inc.*,
   2017 WL 631547 (D. Minn. Feb. 15, 2017) ................................................... 3

*Personal Audio, LLC v. Google LLC*,
   2018 WL 4502002 (D. Del. Sept. 20, 2018) ................................................... 8

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
   2005 WL 8136574 (D. Del. Oct. 11, 2005) ..................................................... 9

*Saldi v. Paul Revere Life Ins. Co.*,
    224 F.R.D. 169 (E.D. Pa. 2004) ........................................................................................... 2

*St. Jude Med. v. Volcano Corp.*,
    2012 WL 1999865 (D. Del. June 5, 2012) ......................................................................... 2

*TransWeb, LLC v. 3M Innovative Properties Co.*,
    2012 WL 2878075 (D.N.J. July 13, 2012) ......................................................................... 3

## **STATUTES**

Fed. R. Civ. P. 30 ......................................................................................................................... 11

Fed. R. Civ. P. 33 ................................................................................................................ 7, 9, 10

Fed. R. Civ. P. 34 ...................................................................................................................... 4, 5

Fed. R. Civ. P. 53 ........................................................................................................................... 2

Fed. R. Civ. P. 72 ...................................................................................................................... 2, 4

## INTRODUCTION

Defendant Raymond A. Mirra, Jr. respectfully submits this response to Plaintiff Gigi Jordan's Objections ("Obj.") to Judge Stengel's Report and Recommendation ("R&R") recommending the disposition of a number of discovery disputes in this Action. This Court granted Judge Stengel broad discretion to address discovery disputes between the parties. Judge Stengel's R&R is a detailed, well-reasoned analysis that was issued after he considered extensive briefing and lengthy oral argument from the parties on each issue in dispute. There can be no reasonable dispute that Judge Stengel did not abuse his discretion here—which, contrary to Ms. Jordan's assertion, is the relevant standard. The Appointing Order does ***not*** permit *de novo* review, nor does it permit a party to present new evidence and/or arguments to this Court after the fact. Yet, in her Objections, Ms. Jordan seeks *de novo* review predicated on both new evidence and new arguments—a process that would frustrate the entire purpose of the Appointing Order. For the reasons set forth in full below, Mr. Mirra requests that the Court deny Ms. Jordan's Objections, and adopt Judge Stengel's R&R and enter the Proposed Order attached as Exhibit A to the R&R.

## RESPONSE TO OBJECTIONS

**I.  MS. JORDAN'S OBJECTIONS RELY ON THE WRONG STANDARD OF REVIEW AND IMPROPERLY RELY ON NEW EVIDENCE AND ARGUMENTS**

Ms. Jordan's Objections fail at the threshold because she relies—wrongly—on a *de novo* standard of review; in fact, the correct standard of review is abuse of discretion. The Objections also improperly rely on new evidence and arguments that were never presented to Judge Stengel. For these reasons alone, the Objections fail.

1

### A. The Correct Standard Of Review Is Abuse Of Discretion

The correct standard of review of Judge Stengel's R&R is abuse of discretion. *See* Fed. R. Civ. P. 53(f)(5) ("Unless the appointing order establishes a different standard of review, the court may set aside a master's ruling on a procedural matter only for an abuse of discretion."); *see also Nippon Steel & Sumitomo Metal Corp. v. Posco*, 2014 WL 1266219, at *1 (D.N.J. Mar. 26, 2014) ("[R]ulings on discovery matters contained in the [special master's order were] procedural matters, [and] reviewed under an abuse of discretion standard.").

Further, pursuant to Fed. R. Civ. P. 53(b)(2)(D), the Appointing Order expressly provided for a "clear error" standard by stating that the standard for "[r]eview of [Judge Stengel's] orders will be subject to the same procedures as review of a Magistrate Judge, except as otherwise provided herein." D.I. 299 at 5(b); Fed. R. Civ. P. 72(a) (for a magistrate judge's order on a non-dispositive matter, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law."). Where a district court is reviewing a magistrate judge's ruling on a discretionary matter, such as a discovery dispute, this becomes an "abuse of discretion" standard. *See St. Jude Med. v. Volcano Corp.*, 2012 WL 1999865, at *1 (D. Del. June 5, 2012) (reviewing a magistrate judge's decision regarding a discovery dispute for abuse of discretion); *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 174 (E.D. Pa. 2004) ("When a magistrate judge's decision is on a highly discretionary matter, courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard."). Thus, this Court should review Judge Stengel's discovery rulings for abuse of discretion.

### B. Ms. Jordan's Objections Improperly Rely On New Arguments And Evidence

Ms. Jordan's Objections are replete with new arguments and evidence that were not presented to Judge Stengel, and thus cannot be considered now as a matter of black letter law.

2

*See Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 377 (D. Del. 2014) (noting that "with limited (if any) exception, parties objecting to a Magistrate Judge's report or order are required to adhere to the arguments, evidence, and issues they presented first to the Magistrate Judge"); *see also Gorilla Glue Co. v. CentiMark Corp.*, 2019 WL 1099858, at *3 (W.D. Pa. Mar. 8, 2019) (ruling that an argument submitted for the first time with objections "was therefore never before the Magistrate Judge, and [was] not properly before [the] Court").

Ms. Jordan's new arguments include: (1) discovery obligations should not be imposed on Ms. Jordan because Mr. Mirra has produced what Ms. Jordan mischaracterizes as "an extremely limited percentage of the accounting records needed," Obj. at 2; and (2) Ms. Jordan should not be ordered to provide narrative responses to Mr. Mirra's interrogatories because expert evidence is required to "[i]dentify[] which entities, assets, liabilities, and other values were omitted from the SDA," Obj. at 6. These arguments were not included in Ms. Jordan's letter brief to Judge Stengel. *See* Obj. Ex. A at 5-7.

Ms. Jordan submits new evidence in the form of an Affidavit of Mark S. Warshavsky (the "Warshavsky Affidavit"). *See* Obj. Ex. E. The Court should disregard the Warshavsky Affidavit because "[s]ubmitting new evidence as part of an Objection impermissibly seeks to expand the record and overturn a Magistrate Judge's ruling with evidence that was not provided to the Magistrate Judge," which "is not allowed." *Peerless Indem. Ins. Co. v. Sushi Ave., Inc.*, 2017 WL 631547, at *4 (D. Minn. Feb. 15, 2017) (refusing to consider a declaration submitted in support of objections to a magistrate's discovery ruling); *see also TransWeb, LLC v. 3M Innovative Properties Co.*, 2012 WL 2878075, at *3 (D.N.J. July 13, 2012); *Horner v. Cummings*, 2015 WL 13613261, at *3 (M.D. Pa. Oct. 27, 2015) (noting that "the Court [was] not

3

permitted to consider new [expert affidavit] on appeal [of a discovery order] that was not presented to the Magistrate Judge").

Ms. Jordan implicitly concedes that her Objections contain new evidence and arguments, because she failed to include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and describing the good cause for failing to previously raise the new legal/factual arguments before the Magistrate Judge[,]" as required by the District of Delaware Standing Order for Objections Filed Under Fed. R. Civ. P. 72. Ex. 1 (Standing Order) ¶ 5. Ms. Jordan neglected to include the requisite certification (which she could not make in good faith given that her Objections are replete with new evidence and arguments).

## II. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION BY DENYING MS. JORDAN'S REQUEST FOR RE-PRODUCTION OF PEACHTREE FILES IN NATIVE FORMAT

Ms. Jordan submits no legal argument to refute Judge Stengel's finding that Mr. Mirra's production of documents containing Peachtree accounting data in Microsoft Excel and TIFF format complied with Fed. R. Civ. P. 34, because Mr. Mirra produced the data as it was "ordinarily maintained" and in a "reasonably usable" form. *See* R&R at 25. Instead, Ms. Jordan relies entirely on new evidence—the Warshavsky Affidavit—to contend that Peachtree data in native format would be more useful to her. These arguments improperly rely on new evidence and ignore the relevant legal standard, and should be rejected.

Peachtree (now called Sage 50) is an accounting database software program used by businesses, including Mr. Mirra's, to maintain day-to-day accounting data. Judge Stengel's R&R correctly found that Mr. Mirra's production of Peachtree files in Microsoft Excel and TIFF format complied with Fed. R. Civ. P. 34(b)(2)(E), which requires that a party produce documents in the form that they are "ordinarily maintained" or one that is "reasonably usable" by the

receiving party.  R&R at 24-25.  In reaching this conclusion, the R&R analyzed the Sedona Principles, and noted that Ms. Jordan's argument that she is entitled to have the "*same ability* to access, search, and display the information as the producing party," is based on a concept that has been eliminated in the controlling edition of the Sedona Principles.  R&R at 22-24.  The Sedona Principles—and Fed. R. Civ. P. 34—have no such requirement.  Instead, "[p]rovided that ESI is produced in its 'ordinarily maintained' or a 'reasonably usable' form, it is well-settled a party need not produce ESI in an electronic format."  R&R at 22 (citing the Sedona Principles); *see also M3Girl Designs, LLC v. Blue Brownies, LLC*, 2011 WL 13128965, at *5 (N.D. Tex. Aug. 31, 2011) (denying plaintiff's request for native QuickBooks financial records where defendant produced the records in "absolutely reasonable" PDF format).

Ms. Jordan's Objections do not grapple with Judge Stengel's well-reasoned rejection of her request to receive Peachtree data in native file format, nor cite to *any* legal authority.  Instead, Ms. Jordan's Objections make a series of factual claims regarding the benefit to her of receiving native file access.  *See* Obj. at 2-5; Obj. Ex. E.  But this is not the relevant standard, and Ms. Jordan does not dispute that Mr. Mirra has satisfied his discovery obligations under the relevant standard—*i.e.*, that the Peachtree data was produced as it was ordinarily maintained, and in a reasonably usable form.  *See* Obj. at 2-5.

In support of her argument that the production of native Peachtree files is necessary, Ms. Jordan submits the Warshavsky Affidavit.  *See* Obj. Ex. E.  However, for the reasons stated *supra* Section I, the Court should not consider this Affidavit, as it was never submitted to Judge Stengel for consideration.  Even if this Court were to consider the Affidavit, it does not refute Judge Stengel's conclusion that Mr. Mirra has produced his accounting documents in the required format.  Instead, the Affidavit makes specious arguments regarding the production of

5

native Peachtree files, which have no grounding in the law, including that the production of native files is necessary to provide Ms. Jordan with missing documents, *id.* ¶ 28, information regarding "missing transactions," *id.* ¶¶ 25-27, and to allow Ms. Jordan to more conveniently create reports based on the data, *id.* ¶¶ 28-29, 39-42. *First*, the production format has nothing to do with documents or transactions which are purportedly "missing" from Mr. Mirra's production (which is ongoing). To the extent a relevant accounting document is available in Peachtree, it has been, or will be, produced in Excel format. Notably, the only "missing transaction" identified in the Affidavit concerns Advanced Research Corporation, Obj. Ex. A at ¶¶ 25-27, an entity which was disclosed on the SDA Schedules and thus is not subject to discovery, D.I. 257 ¶ 2. *Second*, Ms. Jordan's desire to more easily generate reports from Peachtree data produced to her is simply irrelevant under the legal standards, which require production in a reasonably usable format—not in the demanding party's preferred format.

### III. MS. JORDAN PROVIDES NO LEGAL BASIS FOR A THIRD-PARTY INSPECTION OF MR. MIRRA'S ACCOUNTING DATABASE

Ms. Jordan claims that a third-party inspection of Mr. Mirra's Peachtree database is necessary in order to acquire allegedly missing financial documents. Obj. at 2-5. In considering this argument, Judge Stengel cited the District of Delaware Default Standard for ESI, R&R at 21, which provides that requests for on-site inspection of electronic media "shall not be permitted absent a demonstration by the requesting party of specific need and good cause[,]" D. Del. Default Standard for ESI ¶ 5(a). Judge Stengel ultimately determined that this standard was not met, as Ms. Jordan's arguments regarding Mr. Mirra's document production held "no weight in the light of the credible representations of Mr. Mirra regarding the search and production of the ESI." R&R at 26.

Ms. Jordan has not raised any arguments in her Objections which should disturb this ruling. *First*, included in Ms. Jordan's list of purportedly missing financial documents are tax returns and bank statements—neither of which are contained in a Peachtree accounting database. *See* Obj. at 4. *Second*, the Appendices list documents which this Court has ruled are not relevant, including documents pertaining to the twelve entities listed on the SDA. *See* D.I. 257 ¶ 2; *compare* Ex. 2 (SDA Schedules) at RAM000016859 *with* Obj. Appendices 1-3. *Third*, Ms. Jordan's claim that "the R&R provides no insight as to how plaintiff will obtain" documents that Judge Stengel has ruled should be produced, Obj. at 3, is disingenuous. Mr. Mirra has not begun producing these documents because this Court has not yet adopted Judge Stengel's ruling, and Ms. Jordan cannot claim that a third-party inspection is necessary to address a purported deficiency that does not exist. Ms. Jordan's baseless request for an intrusive third-party inspection of Mr. Mirra's Peachtree database should be denied. Ms. Jordan has not provided any reason to overturn Judge Stengel's findings concerning Mr. Mirra's document production.

## IV. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION BY ORDERING MS. JORDAN TO RESPOND TO MR. MIRRA'S INTERROGATORIES

Rather than provide narrative responses to Mr. Mirra's interrogatories requesting that Ms. Jordan identify which assets and liabilities she contends were improperly omitted from the SDA Schedules, Ms. Jordan purported to rely on Rule 33(d) to refer Mr. Mirra to approximately *300,000 pages* of documents produced by Mr. Mirra and various third parties. *See* Ex. 3 (Jordan's R&Os to Mirra's Interrogatories), Nos. 1, 5. For other interrogatories, Ms. Jordan largely *copied and pasted* Mr. Mirra's objections to her interrogatories, and then provided little to no substantive answer. *See id.*, Nos. 2-4, 6, 7. Judge Stengel held that "[i]n light of the appropriateness of Mr. Mirra's interrogatories, Ms. Jordan's reference to . . . 300,000 plus pages of documents is [im]proper, and her responses are clearly deficient." R&R at 36. Given that this

7

action will soon enter summary judgment, Mr. Mirra is entitled to responses "identify[ing] those assets and liabilities that form the basis of Ms. Jordan's underlying action." *Id.*

In her Objections, Ms. Jordan argues Judge Stengel erred by ordering narrative responses because (1) Ms. Jordan "does not have the information needed to amend her interrogatory responses[,]" Obj. at 5; and (2) Ms. Jordan's "interrogatory responses properly refer[red] [Mr. Mirra] to his own business records[,]" *id.* at 7. These arguments have no support in law or fact.

*First*, Ms. Jordan relies on the Warshavsky Affidavit to argue that she does not have the necessary information to provide narrative responses because "identifying which entities, assets, liabilities, and other values were omitted from the SDA requires a complex forensic analysis, which includes tracing transactions through the various interrelated financial and accounting records for the numerous entities defendant established, and analyzing them." Obj. at 5-6 (quoting Obj. Ex. E ¶ 45). As an initial matter, as explained *supra* Section I, Ms. Jordan's reliance on the Affidavit is improper because it is new evidence not submitted to Judge Stengel. For this reason alone, Ms. Jordan's argument, which is wholly reliant on this new evidence, should be denied.

*Second*, the cases Ms. Jordan cites do not support her argument. Rather, Ms. Jordan's cases support Mr. Mirra's position that Ms. Jordan should be ordered to substantively answer the interrogatories. For instance, in *Personal Audio, LLC v. Google LLC*, 2018 WL 4502002 (D. Del. Sept. 20, 2018), the court ordered plaintiff to provide narrative responses to the defendant's contention interrogatories "seek[ing]: (1) certain information about [plaintiff's] damages contentions; (2) factual information; and (3) identification of documents currently known to [plaintiff]." *Id.* at *2. Similarly, the court in *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 2013 WL 12291705 (D. Del. Oct. 22, 2013), ordered narrative

8

responses to contention interrogatories directed at the facts underlying plaintiffs' damages claims. *Id.* at *1 ("Facts are the subject of fact discovery, and parties are required to disclose such facts before the facts are massaged and manipulated by their expert witnesses.").[1] Here, as Judge Stengel found, Mr. Mirra's request that "[a]fter 5 years of litigation" Ms. Jordan finally identify the assets and liabilities defining the scope of her claim is reasonable, R&R at 36, and Ms. Jordan fails to explain why she cannot do so without expert evidence. Now that the lion's share of Ms. Jordan's claims have been dismissed, it is incumbent upon her to explain the basis of her single remaining claim—namely, what assets and liabilities she contends were omitted from the SDA Schedules. If after years of costly discovery and motion practice Ms. Jordan is still unable to do so, then she should state as much in her interrogatory responses.

*Third*, Ms. Jordan argues the R&R "overlooks that Rule 33(d) and the relevant case law supports plaintiff's reference to defendant's own business records, where they answer his questions better than she can." Obj. at 7. Ms. Jordan contends that because Judge Stengel "mistakenly read plaintiff's interrogatory responses" as referring to Ms. Jordan's documents rather than 300,000 pages of documents produced by Mr. Mirra and various third parties, the Special Master erred in finding her responses were inappropriate. *Id.* Ms. Jordan provides no legal support for her position that it was proper to refer Mr. Mirra to a 300,000-page, undifferentiated mass of documents, because no such authority exists.

---

[1] Ms. Jordan's reference to *Farran v. Johnston Equip., Inc.*, 1995 WL 298223 (E.D. Pa. May 11, 1995) is similarly unavailing. *See* Obj. at 6. There, the court sustained *defendant's* objection to a contention interrogatory on the grounds that plaintiff had "yet to provide defendant with its final theories of defect in this case, as well as, its final liability expert reports." *Farran*, 1995 WL 298223, at *2; *cf. Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 2005 WL 8136574, at *2 (D. Del. Oct. 11, 2005) (ordering plaintiff to provide narrative responses to contention interrogatories regarding plaintiff's theory of liability).

9

Ms. Jordan relies on *Pappas v. Loew's, Inc.*, 13 F.R.D. 471, 473 n. 3 (M.D. Pa. 1953), a case which does not address whether Rule 33(d) may be used to direct the interrogating party to hundreds of thousands of pages of documents. Moreover, Ms. Jordan's argument that Rule 33(d) may be used to refer the interrogating party back to his own documents is belied by her own cases. *See, e.g.*, *In re Cyclobenzaprine*, 2013 WL 12291705, at *1 (reference to documents is not "an appropriate response to a contention interrogatory . . . unless such documents specifically identify the contention in the first instance (unlikely) or provide specific data supporting the contention that has already been described").[2]

As a matter of basic logic, documents produced by Mr. Mirra and various third parties could not possibly contain Ms. Jordan's legal and factual contentions. Thus, Judge Stengel did not err in recommending that the Court order Ms. Jordan to provide narrative responses to Mr. Mirra's interrogatories. *See, e.g.*, *Koninklijke Philips N.V. v. ZOLL LifeCor Corp.*, 2014 WL 4660338, at *15 (W.D. Pa. Aug. 22, 2014) (compelling narrative response to defendant's contention interrogatory and rejecting plaintiff's use of Rule 33(d) and argument that the facts were better known to defendant), *adopted in relevant part*, 2014 WL 4660539 (W.D. Pa. Sept. 17, 2014).

V. **JUDGE STENGEL DID NOT ABUSE HIS DISCRETION IN ORDERING MS. JORDAN TO SIT FOR A DEPOSITION REGARDING HER DOCUMENT COLLECTION PRACTICES**

---

[2] Similarly, *Cinema Amusements v. Loew's, Inc.*, 7 F.R.D. 318, 321 (D. Del. 1947), *Byers Theaters v. Murphy*, 1 F.R.D. 286 (W.D. Va. 1940), and *Klein v. Leader Elec. Corp.*, 81 F. Supp. 624, 625 (N.D. Ill. 1948) provide no support for Ms. Jordan's argument. *See* Obj. at 7-8. These cases do not draw any distinction based on which party produced the documents referred to under Rule 33(d), and concern situations where both parties had equal access to the relevant information. *See Cinema Amusements*, 7 F.R.D. at 321–22 ("If the matter inquired of be only found in records or documents and is only available at very considerable effort or expense and the books or documents be equally available to both parties, no reason would seem to exist to cast the burden of effort or expense upon the interrogated party."); *Byers Theaters*, 1 F.R.D. at 289 (discussing information available to both parties); *Klein*, 81 F. Supp. at 625 (same).

The R&R allows for Ms. Jordan to be deposed regarding her document collection efforts—which led her to produce *zero* non-public documents in this Action (though Ms. Jordan did produce documents in the related, dismissed RICO Action[3]). Contrary to Ms. Jordan's representation in her Objections, Mr. Mirra's objections about Ms. Jordan's document collection practices were never mooted. Obj. at 8. Rather, the parties previously agreed to have Ms. Jordan sit for a Rule 30(b)(6)-style deposition regarding her document preservation practices. In response to Mr. Mirra's concerns regarding Ms. Jordan's deficient production, Ex. 4 at 6-7, Judge Stengel ordered that Ms. Jordan be deposed regarding her document collection efforts, but it will not be a Rule 30(b)(6) deposition since the party being deposed is an individual and not an entity. R&R at 38-39; R&R Ex. A at 2. This Court should adopt Judge Stengel's recommendation.

## VI. JUDGE STENGEL DID NOT ABUSE HIS DISCRETION IN DENYING MS. JORDAN'S REQUEST FOR RETAINER LETTERS AND FEE AGREEMENTS

Ms. Jordan claims that Judge Stengel erroneously denied her request for the production of retainer letters and fee agreements.[4] Obj. at 11. This is incorrect. Judge Stengel found that Ms. Jordan "appear[ed] to have abandoned her request for the production of Mr. Mirra's retainer letters or fee agreements with counsel[,]" and "[t]o the extent this argument [was] not abandoned," Judge Stengel denied Ms. Jordan's request. R&R at 28 n.13. This ruling was reasonable, as Ms. Jordan did not actually seek to compel production in her letter to Judge Stengel regarding these documents, but rather sought sanctions based on their lack of production.

---

[3] The "RICO Action" refers to *The Hawk Mountain LLC, et al. v. RAM Capital Group, LLC, et al.,* C.A. No. 13-02083-SLR-SRF, which was also pending in the District of Delaware.

[4] Ms. Jordan also argues that "[t]he R&R is silent on [her] request for Mirra's proof of payment[,]" Obj. 11, yet Ms. Jordan's letter to Judge Stengel complaining of purported deficiencies in Mr. Mirra's production of documents related to his counterclaims did not address a deficiency related to proof of payment. *See* Ex. 5 at 3. As Ms. Jordan's letter was silent on the topic, Judge Stengel did not address it.

11

*See* Ex. 5 at 4.  Judge Stengel further rejected Ms. Jordan's oft-repeated argument that this Court had ordered the production of documents supporting Mr. Mirra's counterclaims in July of 2018. *See* R&R at 30.  As Ms. Jordan knows, this Court's June 13 Order, D.I. 257, and July 26 Order, D.I. 269, did not concern a request for documents supporting Mr. Mirra's counterclaims.  Ms. Jordan's revisionist history is unconvincing, and Judge Stengel properly denied her request for additional documents.[5]

## CONCLUSION

For the foregoing reasons, Mr. Mirra respectfully requests that the Court (1) deny Ms. Jordan's Objections; and (2) enter the Proposed Order submitted with Judge Stengel's R&R.

---

[5] Prior to discovery being stayed in this case, Mr. Mirra agreed to amend his interrogatory responses to reflect the Court's orders regarding the scope of discovery which had been issued after he served his responses.  Ms. Jordan acknowledged this in her September 19, 2018 letter to Judge Stengel, Ex. 6, and stated that "[n]o relief [was] required at [that] time." *Id.* at 6.  As Ms. Jordan did not request relief from Judge Stengel on this point, he did not address it in his R&R.  Once the discovery stay is lifted in this matter, Mr. Mirra will amend his interrogatory responses.

Dated: Wilmington, DE
      March 27, 2019

                                      MORRIS, NICHOLS, ARSHT & TUNNELL LLP

                                      */s/ Kenneth J. Nachbar*
                                      Kenneth J. Nachbar (DE #2067)
                                      Thomas P. Will (DE #6086)
                                      1201 N. Market Street
                                      P.O. Box 1347
OF COUNSEL:                      Wilmington, DE 19899-1347
                                      (302) 658-9200
QUINN EMANUEL URQUHART &    knachbar@mnat.com
SULLIVAN, LLP                 twill@mnat.com

Robert L. Raskopf              *Attorneys for Defendant and Counterclaim-Plaintiff*
Julia M. Beskin                 *Raymond A. Mirra, Jr.*
Nicholas A.S. Hoy
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000
robertraskopf@quinnemanuel.com
juliabeskin@quinnemanuel.com
nicholashoy@quinnemanuel.com

13