# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIGI JORDAN | : | |
|     Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 14-1485 |
| | : | |
| RAYMOND A. MIRRA, JR. | : | |
|     Defendant. | : | |

**McHUGH, J.**                                                                                                                May 15, 2019

## MEMORANDUM

This memorandum sets forth the basis upon which I have overruled the objections of Plaintiff Gigi Jordan to the Report and Recommendation (R & R) of Special Master the Hon. Lawrence Stengel (Ret.).

As a threshold matter, Defendant is correct that the appropriate standard of review is abuse of discretion, because the Order of October 3, 2018 appointing Judge Stengel specifically stated: "Review of any orders will be subject to the same procedures as review of a Magistrate Judge." That standard, as set forth in Fed. R. Civ. P. 72(a) provides that with respect to non-dispositive issues like discovery, such an order shall be modified or set aside only if it is "clearly erroneous or is contrary to law." Such a deferential standard is particularly appropriate here, where the Special Master is a distinguished jurist with vast experience appointed because of his expertise.

The R & R reflects no abuse of discretion, let alone erroneous conclusions or errors of law. To the contrary, it demonstrates careful attention to detail and an in-depth analysis of the parties' respective positions under prevailing law.

To the extent that the Objections raise new arguments and submit new materials, such as the Affidavit of Mr. Warshavsky, all such objections must be considered as waived. District of Delaware Standing Order for Objections Filed Under Fed. R. Civ. P.72, ¶5.

Plaintiff's request that a third party be permitted to inspect Defendant's accounting database in native form lacks legal support, and Judge Stengel properly applied the District of Delaware's Default Standard for ESI. The documents were produced as "ordinarily maintained" and in "reasonably usable form." I find no abuse of discretion in his acceptance of Defendant's representations and ultimate conclusion that Plaintiff has failed to show "specific need and good cause." And to the extent that Plaintiff's objections rest on the Warshavsky affidavit, it was not presented to the Special Master.

Judge Stengel's conclusion that Plaintiff must provide specific answers to interrogatories is also well-supported. Necessarily, Plaintiff bears the burden of proof for her remaining claim. It does not suffice simply to direct Defendant to voluminous copies of documents produced by him and third parties as the factual basis for Plaintiff's case. *See Personal Audio, LLC v. Google LLC*, 2018 WL 4502002 (D. Del. Sept. 20, 2018); *In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 2013 WL 12291705 (D. Del. Oct. 22, 2013). *See also Koninklijke Philips N.V. v. ZOLL LifeCor Corp.*, 2014 WL 4660338, at *15 (W.D. Pa. Aug. 22, 2014), *adopted in relevant part*, 2014 WL 4660539 (W.D. Pa. Sept.17, 2014). In that regard, it is important to recognize the difference in allocation of burdens between a plaintiff and defendant, because a plaintiff is obligated to disclose the evidentiary support for a case. *Compare Farran v. Johnston Equip., Inc.*, 1995 WL 298223 (E.D. Pa. May 11, 1995), *with Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.,* 2005 WL 8136574 (D. Del. Oct. 11, 2005).

I have considered *Pappas v. Loew's, Inc.,* 13 F.R.D. 471 (M.D. Pa. 1953), but do not believe that it addresses the situation here. In that case, the party who had supplied documents was then requested to compile them in certain ways. The court refused to impose this additional burden. Here, in contrast, Plaintiff has simply cited to a vast array of documents which she herself did not produce as the basis for her claim. For practical purposes, Defendant would be left to guess at the evidentiary support for Plaintiff's case, which hardly serves the purposes of the rules of discovery. Nor do I find *Cinema Amusements v. Loew's, Inc.,* 7 F.R.D. 318, 321 (D. Del. 1947), Byers Theaters v. Murphy, 1 F.R.D. 286 (W.D. Va. 1940), and *Klein v. Leader Elec. Corp.*, 81 F. Supp. 624, 625 (N.D. Ill. 1948) helpful to Plaintiff's position, because the issue here is not equal access to the information, but the relationship between the claim asserted and the evidence that would purportedly support the claim. Without some degree of specificity as to *which* documents Plaintiff relies upon, Defendant cannot effectively evaluate the basis for the claim.

As to the requirement that Plaintiff be deposed regarding the means by which she collected the documents produced, I find no abuse of discretion in Judge Stengel's conclusion that some explanation is required for the fact that she produced no documents except those already in the public domain or otherwise available to Defendant. I also note that his proposed order carefully delineates the proper scope of the deposition.

With respect to retainer letters and fee agreements, I find the Special Master's resolution reasonable on the record before him. Plaintiff is correct that the Report and Recommendation is silent as to her request for proof that the bills encompassed by the counterclaim were paid by Mr. Mirra personally, rather than a business entity. That is because this issue was not squarely before the Special Master. The order accompanying this

memorandum will direct Defendant to respond on the merits to the arguments made by Plaintiff as to the necessity for such discovery.

    /s/ Gerald Austin McHugh
United States District Judge