# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GIGI JORDAN, : | |
|    Plaintiff/Counterclaim-Defendant, : | |
| : | |
| v. : | Civil Action No. 14-1485 |
| : | |
| RAYMOND A. MIRRA, JR., : | |
|    Defendant/Counterclaim-Plaintiff. : | |

## ORDER

This 15th day of May, 2019, upon consideration of the Special Master's Report and Recommendation, and Plaintiff's objections, it is hereby **ORDERED** that the objections are overruled and the Report and Recommendation **ADOPTED**. It is **further ORDERED** as follows:

1. Ms. Jordan's request for the asset and liability documents of Atlas Respiratory Services, Inc.; Versatile Care Solutions, Inc.; Access Healthcare Services, LLC; Apogenics Healthcare, Inc.; BioMed Pharmaceuticals, Inc.; Access Therapeutics, Inc.; Alliance Ambulatory Infusion Center, LP; BioMed California, Inc.; BioMed Kansas, Inc.; BioMed Florida, Inc.; BioMed PA, Inc.; and BioMed Texas, Inc. is **GRANTED**. Mr. Mirra shall produce these documents within 60 days of the date of this Order.

2. By agreement of the parties, Ms. Jordan's request for Mr. Mirra's responses to Ms. Jordan's 9/12/18 supplemental requests for the production of documents regarding Access Pharmaceutical Services, LLC; Bio-Medical Innovations, Inc.; Delta Laboratories, Inc.; Indago Healthcare of South Florida, Inc.; Integrated BioPharm Corporation, Inc.; LBC Credit Partners Parallel, LP; LMS America, Inc.; My Case LLC; New England Hemophilia and Thrombosis Network, Inc.; RAM Capital Group 2004 Trust; RAM Capital Holdings, LLC; and World Wide Health, Inc. is **GRANTED**. Mr. Mirra shall produce these documents within 60 days of the date of this Order, and otherwise fully comply with prior representations that Defendant would supplement document production.

3. Mr. Mirra's objections to the production of documents identified in Appendix A of Ms. Jordan's 9/19/18 Letter (ECF No. 288) are **SUSTAINED** as to entry No. 65 and **DENIED** as to entry Nos. 1-64 and 66-68. Mr. Mirra shall produce these documents within 60 days of the date of this Order.

4. Ms. Jordan's request for a third-party vendor to forensically analyze Attorney Troilo and Mr. Tropiano's email accounts and electronic devices is **DENIED**.

5. Ms. Jordan's request for accounting records in Sage 50/Peachtree format is **DENIED**.

6. Ms. Jordan's request for Mr. Mirra to complete the checklist contained within her 5/8/18 and 9/12/18 requests for the production of documents is **DENIED**.

7. Ms. Jordan's request to sanction Mr. Mirra for the production of his legal bills concomitantly with his Motion for Summary Judgment, including, but not limited to, the striking of the production, is **DENIED**.

8. Mr. Mirra's request for sanctions due to the statements contained in Ms. Jordan's 1/23/19 Letter is **DENIED**.

9. Mr. Mirra's request for more specific responses to his 8/22/18 interrogatories is **GRANTED**. Ms. Jordan shall produce these responses within 60 days of the date of this Order. In these responses, Ms. Jordan should explicitly identify the entities, assets, liabilities, and any other value that she claims was omitted from the SDA. Ms. Jordan will be precluded from presenting evidence during trial of any value not included in her 60-day supplement, absent leave of court.

10. Mr. Mirra's request to depose Ms. Jordan regarding the preservation of personal emails is **DENIED**.

11. Mr. Mirra's request for information regarding the process undertaken by Ms. Jordan to respond to his 8/1/18 requests for the production of documents is **GRANTED** in part and **DENIED** in part. Ms. Jordan may be deposed regarding the process she undertook to respond to the 8/1/18 requests for the production of documents, including but not limited to, the steps she took to review documents for responsiveness to the requests, whether she reviewed all documentation that was not produced in the civil RICO action, and whether she reviewed any electronic or non-public hard copy documents.

12. All other requests by either party to sanction either the opposing party or his/her respective counsel are **DENIED**.

13. Discovery shall be extended for 90 days to facilitate the activities outlined herein including the deposition of Ms. Jordan.

14. The parties are precluded from serving additional discovery responses except for those mandated herein absent order of court.

15. The parties are precluded from serving additional discovery requests absent order of court.

16. Defendant shall respond on the merits to Plaintiff's contention that Defendant should provide evidence that he personally paid the legal fees that are the subject of his counterclaim.

BY THE COURT

/s/ Gerald Austin McHugh
United States District Judge