# EMERY CELLI BRINCKERHOFF & ABADY LLP

RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

ALISON FRICK
DAVID LEBOWITZ
DOUGLAS E. LIEB
ALANNA KAUFMAN
EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL

February 21, 2020

<u>VIA E-FILING</u>

Hon. Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re: Gigi Jordan v. Raymond A. Mirra, Jr.
<u>C.A. No. 1:14-cv-01485-GAM</u>

Dear Judge McHugh:

I write to clarify issues raised regarding Plaintiff's proposed third amended scheduling order in light of the scheduling issues raised in Defendant's February 19 letter regarding the mediation teleconference with Judge Burke. (D.I. 378).

At the teleconference, Judge Burke decided (and the parties agreed) that after expert discovery is scheduled, a second mediation teleconference with Judge Burke would be arranged. The parties' respective proposed third amended scheduling orders disagree whether an additional 45-days to complete certain fact discovery should be permitted. (D.I. 371-373, 375-76). Plaintiff asked for those 45-days, Defendant said no additional fact discovery should be allowed (even though Defendant raised his own new requests for documents from Plaintiff, including meeting and conferring about them as recently as February 5).

We propose a compromise. Plaintiff could waive her request for the additional 45-days – voiding this aspect of the parties' disagreement about scheduling – if she is permitted to amend the rider to a subpoena issued to Morris J. Cohen & Company, P.C., the parties' and companies' tax preparer through at least the Separation and Distribution Agreement.[1] No other fact discovery (or time to accomplish it) would then be necessary.

---

[1] That subpoena was deemed served and effective in this action by the Court's First Amended Scheduling Order. (D.I. 209 at 3(b)(iii)).

00403150

EMERY CELLI BRINCKERHOFF & ABADY LLP

Hon. Gerald A. McHugh
February 21, 2020
Page 2

     The tax documents Morris Cohen has, which the Court twice compelled Mirra to produce, are key documents needed for expert discovery.[2] (D.I. 257, 269). Up until two weeks ago, Defendant told Plaintiff he did not have them. But when we said we would seek them from Morris Cohen, Mirra's position changed, claiming now that he may produce some of the records the Court ordered (yet producing none to date). At the same time Defendant admits he has access to the tax records, he opposes the time needed and requested by Plaintiff in the proposed scheduling order to resolve this issue before the Special Master.

     If the Court agrees with the proposed compromise, we attach a refreshed Morris Cohen subpoena to reflect the amended rider with the scope of tax returns the Court has ordered produced in this case (with the return date to be entered by the Court). (Ex. A). Otherwise, Plaintiff needs the 45-days for fact discovery requested to resolve any objections Defendant raises to producing these tax records (which he has only just admitted exist) before the Special Master.

                     Sincerely,

                     *Daniel J. Kornstein*

                     Daniel J. Kornstein

DJK:cr

Cc:   Robert Raskopf, Esq.
       Julia Beskin, Esq.
       Kenneth Nachbar, Esq.
       Thomas Will, Esq.
       Elihu Ezekiel "Zeke" Allinson, III, Esq
       Erik Groothuis, Esq.

---

[2] The Court's July 25, 2018 Order stated: "Defendant will comply with Plaintiff's Request for Production, with the only modifications being those outlined in my June 13, 2018 Clarification Order (ECF No. 257)." (D.I. 269). Plaintiff's Request for Production specifically requested "All Tax Returns and Supporting Documents including all Workpapers," both for Mirra personally and each of the 60 companies subject of her RFPs.