RICHARD D. EMERY
ANDREW G. CELLI, JR.
MATTHEW D. BRINCKERHOFF
JONATHAN S. ABADY
EARL S. WARD
ILANN M. MAAZEL
HAL R. LIEBERMAN
DANIEL J. KORNSTEIN
O. ANDREW F. WILSON
ELIZABETH S. SAYLOR
KATHERINE ROSENFELD
DEBRA L. GREENBERGER
ZOE SALZMAN
SAM SHAPIRO

# EMERY CELLI BRINCKERHOFF & ABADY LLP

ATTORNEYS AT LAW
600 FIFTH AVENUE AT ROCKEFELLER CENTER
10TH FLOOR
NEW YORK, NEW YORK 10020

TEL: (212) 763-5000
FAX: (212) 763-5001
www.ecbalaw.com

DIANE L. HOUK

EMMA L. FREEMAN
DAVID BERMAN
HARVEY PRAGER
SCOUT KATOVICH
NICK BOURLAND
ANDREW K. JONDAHL
ANANDA BURRA
MAX SELVER

May 4, 2020

BY E-FILING

Hon. Gerald A. McHugh
United States District Court
Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

        Re:    Jordan v. Mirra, C.A. No. 1:14-cv-01485-GAM

Dear Judge McHugh:

      I write in response to Defendant's May 4, 2020 letter regarding a proposed scheduling order.[1] Plaintiff requests the Court enter Plaintiff's proposed scheduling order attached as Exhibit B to Defendant's May 4 letter. (*Id.*).

      Our proposed scheduling order takes into account the pending transfer motion. In January, Plaintiff requested permission to retransfer the venue of this case back to the Southern District of New York.[2,3] Defendant filed a substantive response to our motion for retransfer on January 31, 2020,[4] and Plaintiff filed a reply on February 3, 2020.[5] Therefore, the transfer motion is now fully briefed.

---

[1] D.I. 382.

[2] D.I. 372.

[3] On Feb. 21, 2020, Plaintiff's proposed amended scheduling order reflected our position seeking to amend the Morris J. Cohen, PC (tax accounting firm) subpoena. (D.I. 379). Up until then, Plaintiff and Defendant were meeting and conferring about Defendant's willingness to produce the missing tax returns of the companies (as well as Mirra's returns). Plaintiff sought to amend the Morris J. Cohen subpoena only upon notice that Defendant conditioned his production of the requested tax returns on Plaintiff's waiver of her right to receive the accompanying tax workpapers (workpapers our expert advised were needed).

[4] D.I. 375.

[5] D.I. 377.

Emery Celli Brinckerhoff & Abady LLP
Hon. Gerald A. McHugh
May 4, 2020
Page 2

      Plaintiff's retransfer motion was based in relevant part on the logistical burdens an out-of-state trial would impose given Plaintiff's incarceration in New York, circumstances which virtually all courts hold favor retransfer.[6] Now the global coronavirus pandemic multiplies these obstacles exponentially, rendering Plaintiff's ability to appear as a witness at an out-of-state trial all but moot. While Plaintiff and Defendant's respective proposed scheduling orders generally agree on timeframes, we believe entering dates is premature and should wait until the Court has decided the retransfer motion.

                                                Respectfully Yours,

                                                *Daniel J. Kornstein*

                                                Daniel J. Kornstein

Cc:    Robert L. Raskopf
         Julia Beskin, Esq.
         Kenneth Nachbar, Esq.
         Elihu Ezekial Allinson, III, Esq.
         Erik Groothuis, Esq.

---

[6] *See* D.I. 372, Ex. A at 5-7.