## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| GIGI JORDAN | : | |
| | : | **CIVIL ACTION** |
| v. | : | **No. 14-1485** |
| | : | |
| RAYMOND A. MIRRA, JR. | : | |

McHUGH, J.                                              April 9, 2021

### MEMORANDUM

This is a case at an advanced stage whose sole remaining claim on behalf of the Plaintiff involves an alleged breach of warranty.  The parties, formerly in business together, signed a Separation and Distribution Agreement ("SDA") in March 2008, which was meant to identify and separate their joint assets and liabilities.  *See* Def.'s Br. Opp'n and Cross Mot. to Exclude Expert Op., Ex. 1, 2, D.I. 422.   Plaintiff, Gigi Jordan, asserts that Defendant, Robert Mirra, breached section 5.3.1, which warranted that Mirra would list "all of the assets in which the parties have a joint interest" in Schedule 2.1.1 of the SDA.  *Id.*, Ex. 1 at 5.  Jordan claims that she was damaged by her share of the value of the assets that were allegedly left out of that schedule.  Pl.'s Reply Br. 1, D.I. 430.

Presently before the Court are cross-motions concerning Jordan's motion for leave to amend her supplemental responses to Mirra's contention interrogatories, which had requested, *inter alia*, that Jordan "[i]dentify each . . . asset not listed on Schedule 2.1.1 . . . that . . . should have been listed . . ., and identify its value."  Pl.'s Suppl. Resp. Interrog., Ex. 4 at 9, D.I. 422; Pl's Mot. Amend Interrog., ECF 409;  Def.'s Br. Opp'n and Cross Mot. to Exclude Expert Op., ECF 419.  Under the prevailing standard in the Third Circuit, I am compelled to grant Jordan's motion.

1

But Mr. Mirra will be allowed to conduct remedial discovery directed at such amendments and will be granted the opportunity to file additional summary judgment papers accordingly.[1]

## I.     RELEVANT FACTS AND PROCEDURAL BACKGROUND[2]

This case was originally filed in 2012 in the Southern District of New York and later transferred to the District of Delaware.  *See* Compl., D.I. 1;  Joint Stip. to Transfer Venue, D.I. 68. After some years of litigation, on October 3, 2018, I appointed Special Master Judge Lawrence F. Stengel to resolve a number of lingering discovery disputes.  *See* Order Appointing Special Master, D.I. 299.  One such dispute involved Defendant Mirra's contention that Plaintiff Jordan's initial responses to his interrogatory seeking Jordan's position on the identity and value of assets allegedly omitted from Schedule 2.1.1 were deficient, having not been presented in narrative form, and instead having referenced over 300,000 pages of documents.  *See* Report and Recommendation ("R. & R.") 17, D.I. 316.  In response, I ordered Jordan to respond within 60 days to provide supplemental interrogatory responses in narrative form.  *See* Order of May 15, 2019, D.I. 325.  I accepted the Special Master's conclusion that Mirra "cannot be forced to defend against claims that he had no knowledge of prior to evidence being presented at trial." R. & R. 36; Order of May 15, 2019.  *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, C.A. No. 04-1371-JJF, 2005 WL 8136574, at *2 (D. Del. Oct. 11, 2005) (granting defendant's request that sought narrative responses to interrogatories as opposed to a direction to view more than 19,000 pages of documentation).

---

[1] Defendant's cross-motion to exclude the opinion of Plaintiff's expert Charles S. Lunden, on which the amendments are based, will be denied at this juncture.  In no respect, however does this limit Defendant's ability to file a subsequent *Daubert* motion.

[2] The background of this matter will not be reiterated except to the extent necessary for the disposition of the instant motion seeking leave to amend.

But the Special Master also acknowledged the possibility that amendment of such interrogatory responses could be necessary following review by Jordan's expert. *See* R. & R. 18. He recommended that "to the extent Ms. Jordan needs to amend her answers following expert discovery, she may do so upon order of court." *Id.* Thus, while serving her supplemental response in August 2019 within the required 60-day time frame, Jordan also consulted with forensic accountant Charles S. Lunden to provide business valuations of the assets allegedly omitted from Schedule 2.1.1 of the SDA. Pl.'s Reply Br. 18. Accordingly, Jordan timely disclosed Lunden's report to the Defendant in August 2020, and, on December 11, 2020, the final day of expert discovery, filed this motion, ostensibly to conform the supplemental interrogatory responses to Lunden's analysis. *Id.* 1-2.

## II.    LEGAL STANDARD

At the outset, Federal Rule of Civil Procedure 26(e) governs the supplementation of discovery responses:

> A party who has . . . responded to an interrogatory . . . must supplement or correct its . . . response . . . in a timely manner if the party learns that in some material respect the . . . response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process.

Fed. R. Civ. P. 26(e). The focus of the analysis is "whether a party provided adequate notice of its legal contentions and their corresponding evidentiary bases." *Lambda Optical Sols., LLC v. Alcatel-Lucent USA Inc.*, No. CIV.A. 10-487-RGA, 2013 WL 1776104, at *2 (D. Del. Apr. 17, 2013), *report and recommendation adopted*, No. CV 10-487-RGA, 2013 WL 12156799 (D. Del. May 13, 2013) (internal citation omitted).

Next, if a supplementation is deemed untimely under Rule 26(e), it may then be excluded under Federal Rule of Civil Procedure 37(c)(1) "unless the failure was substantially justified or is

harmless." Fed. R. Civ. P. 37(c)(1).  In determining whether the untimely supplementation under Rule 26(e) was substantially justified or harmless, courts in the Third Circuit consider the following factors:

> (1) the importance of the information withheld; (2) the prejudice or surprise to the party against whom the evidence is offered; (3) the likelihood of disruption of the trial; (4) the possibility of curing the prejudice; (5) the explanation for the failure to disclose; and (6) the presence of bad faith or willfulness in not disclosing the evidence[.]

*Lambda*, 2013 WL 1776104, at *2 (citing *Meyers v. Pennypack Woods Homeownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)).[3]  Finally, the "the exclusion of critical evidence is an extreme sanction . . . not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Pennypack*, 559 F.2d at 905 (internal quotations omitted).

## III.   DISCUSSION

Assuming that Jordan's motion for leave to amend was untimely, given the deadlines set in this Court's May 15, 2019 Order ("the Order"), I find that the amendment is nevertheless harmless under the *Pennypack* factors and should not be excluded.  Fed. R. Civ. P. 37(c); 559 F.2d at 904-05.  I am particularly mindful of the Recommendation that I adopted in issuing the Order, which contemplated this very scenario—that consultation with an expert might require amendment of the interrogatory responses—, and therefore I am satisfied with the Jordan's explanation for the underlying failure to disclose.   Pl.'s Mot. for Leave to Amend Resp. Interrog. 3, D.I. 410.   In determining whether a party seeking amendment acted in bad faith, as even Mirra concedes, "courts have tended to reserve such a finding for clear, egregious examples of misconduct." *Integra Lifesciences Corp. v. Hyperbranch Medical Technology, Inc.*, No. CV 15-819-LPS-CJB,

---

[3] These factors are commonly referred to as "the *Pennypack* factors" having been fully articulated in the Third Circuit's decision in *Pennypack*. 559 F.2d 894, 904-05 (3d Cir. 1977).

2017 WL 11558096, at *11 (D. Del. Dec. 11. 2017).  Those circumstances do not exist here, where Jordan, pursuant to the Order, specifically reserved the right to amend following expert discovery when she filed her supplementary interrogatory responses.  *See* Pl.'s Suppl. Resp. Interrog., Ex. 4 at 5, ¶ 5.  Finally, the impact of the COVID pandemic on this Court's operations have delayed the scheduling of jury trials,[4] meaning that allowing such amendment will not disrupt an impending trial.

Nevertheless, Mirra has outlined a number of concerns that are well taken.  First, he complains of the prejudice he would suffer as a result of the amendment, having already completed fact discovery, and most importantly, having already deposed Jordan on the basis of her earlier responses of August 2019—from which the amended responses significantly depart.  Def.'s Br. Opp'n and Cross Mot. to Exclude Expert Op. 12-13.  Specifically, Mirra is concerned that "the majority . . . of Jordan's newly identified undisclosed assets pertain to revenue earned . . . from 'management fees,'" a concept not described or mentioned in the August 2019 Interrogatory Supplement.  *Id.*   I agree, and I am therefore granting Mirra, and Mirra ***only,*** the right to conduct remedial discovery in light of the amendment.  He may conduct an additional deposition of Jordan directed at the content of the amendment, and if necessary, file additional motions.  Such action will correct whatever prejudice might have otherwise resulted.  *See Lab'y Skin Care Inc. v. Limited Brands, Inc.*, 661 F. Supp. 2d 473, 478 (D. Del. 2009) (granting the right to additional, limited discovery and leave to file additional summary judgment papers following such discovery to party contending that it would be prejudiced by allowance of supplemental discovery); *Bistrian v. Levi,*

---

[4] Although the Court recently lifted its standing order prohibiting jury trials, they will proceed incrementally, with no more than one at a time, and with criminal matters receiving priority.

448 F. Supp. 3d 454, 483 (E.D. Pa. 2020) ("District courts have broad discretion to reopen the record to take new evidence, which may occur on motion of a party or *sua sponte*").[5]

Mirra also contends that the first *Pennypack* factor—the importance of the information withheld—favors denial of Jordan's motion to amend.  *See* 559 F.2d at 904.  To that end, he argues that much of the proposed supplementary material is irrelevant because it includes assets that were already included in Schedule 2.1.1 the SDA.  Def.'s Br. Opp'n and Cross Mot. to Exclude Expert Op. 16.  I agree that a conclusive textual interpretation of the SDA, and more specifically, of the meaning of "assets" found in Section 5.3.1 is critical in outlining the parameters of Jordan's breach of warranty claim.  *See id.*, Ex. 1.  But this motion is not the appropriate vehicle to decide that question.  Given that the majority of the *Pennypack* factors weigh in favor of allowing the amendment, and in light of this Court's adoption of Judge Stengel's Report and Recommendation, I am obligated to grant Jordan's motion.  And to be clear, Mirra will have the opportunity to file additional motions, to include any appropriate motion regarding Lunden's opinion.

An appropriate order follows.


    /s/ Gerald Austin McHugh
United States District Judge

---

[5] The Third Circuit has stated that "whether a trial court will reopen a case to take more testimony is discretionary with that court," and that, in exercising such discretion, the district court should weigh several factors: "What burden, if any, will be placed on the parties and their witnesses; what undue prejudice may result by not taking new testimony; and what consideration should be given to judicial economy."  *Rochez Bros. v. Rhoades*, 527 F.2d 891, 894 (3d Cir. 1975).  Here, the Plaintiff cannot claim to be prejudiced or unduly burdened by such action, having been allowed to supplement its responses roughly fifteen months after a Court-ordered deadline.